J-S52003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON MICHAEL SCHMITT, | |
| Appellant | No. 759 WDA 2014 |

Appeal from the Judgment of Sentence April 9, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002349-2011

BEFORE: SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 17, 2015**

Appellant, Jason Michael Schmitt, appeals from the judgment of sentence entered on April 9, 2014, following the revocation of his probation. After review, we vacate the judgment of sentence and remand for resentencing.

The record reveals that on March 31, 2011, Appellant was charged with burglary, theft by unlawful taking, and conspiracy. On August 30, 2011, Appellant entered a guilty plea at each count. The trial court sentenced Appellant to a term of eleven and one-half to twenty-three months of incarceration followed by ten years of probation on the burglary charge. No additional penalty was imposed for theft by unlawful taking or conspiracy charges.

On April 9, 2014, the trial court held a violation of probation hearing, and following the hearing, the trial court revoked Appellant's probation and resentenced Appellant to a term of two to four years of incarceration. Appellant filed a timely motion for reconsideration that was denied on April 22, 2014. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises one issue for this Court's consideration:

> Whether the trial court abused its sentencing discretion in failing to order a pre-sentence investigation [("PSI")] report and/or in failing to place reasons on the record for failing to order a [PSI] report?

Appellant's Brief at 4 (full capitalization omitted).

Appellant's claim of error is a challenge to the discretionary aspects of his sentence. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). We note that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912-913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenges in a post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Appellant argues that the trial court erred in imposing a sentence without ordering a PSI report, or in the alternative, failing to place on the

record its reasons for not doing so. Such a claim raises a substantial question. *Carrillo-Diaz*, 64 A.3d at 725. Because Appellant's issue presents a substantial question, we proceed with our analysis.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. *Id*. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id*.

In *Carrillo-Diaz*, a panel of this Court explained that:

> The first responsibility of the sentencing judge is to be sure that he has before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background.... The court must exercise "the utmost care in sentence determination" if the defendant is subject to a term of incarceration of one year or more.
>
> To assure that the trial court imposes sentence in consideration of both "the particular circumstances of the offense and the character of the defendant," our Supreme Court has specified the minimum content of a PSI report. The "essential and adequate" elements of a PSI report include all of the following:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various

institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

While case law does not require that the trial court order a [PSI] report under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source. Our cases establish, as well, that the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it.

*Carrillo-Diaz*, 64 A.3d at 725-726 (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa. Super. 2000)) (internal citation and quotation marks omitted).

It is undisputed that the trial court failed to obtain a PSI report or provide its reasons for proceeding without one. The trial court concedes that this was error and that under the facts of this case, remand is required.[1] Trial Court Opinion, 12/12/14, at 8. We agree. Because the trial court did not obtain a PSI report or provide its reasons for foregoing the PSI report,

_____

[1] We note also that the Commonwealth concedes that the trial court's failure to obtain a PSI report and failure to explain why it did not obtain the PSI report is a basis for vacating the judgment of sentence. Commonwealth's Brief at 7.

we are constrained to vacate Appellant's judgment of sentence and remand for re-sentencing. **See Commonwealth v. Flowers**, 950 A.2d 330, 334 (Pa. Super. 2008) (stating that the trial court's failure to order a PSI report and absence in the record of a colloquy that offered the functional equivalent of the information contained in a PSI report constituted an abuse of discretion necessitating remand for resentencing). On remand, and prior to imposing sentence, the trial court shall either procure a PSI report or provide its reasons for not obtaining it.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015