J-S25041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALTER VEGA, JR. | |
| Appellant | No. 1585 WDA 2015 |

Appeal from the Judgment of Sentence June 18, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000368-2013

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 17, 2016**

Walter Vega, Jr. appeals from a judgment of sentence of 2½-5 years' imprisonment imposed following revocation of his probation.  His sole issue in this appeal is:

> Did the trial court abuse its discretion by imposing consecutive statutorily allowed maximum revocation sentences, without considering [Vega's] age, family history, rehabilitative needs, and a pre-sentence investigative report, resulting in an aggregate excessive, unreasonable, and harsh sentences contrary to the fundamental norms that underlie the sentencing process considering the nature of the crimes?

Brief For Appellant, at 5.  In essence, Vega contends that the trial court failed to review a pre-sentence investigation report ("PSI") before imposing Vega's post-revocation sentence.  Vega has waived this issue; accordingly, we affirm.

On September 6, 2013, the Commonwealth filed an information charging Vega with, *inter alia*, resisting arrest, institutional vandalism and disorderly conduct.[1] On October 16, 2013, Vega entered a negotiated guilty plea to these offenses, and the court sentenced him to two years' probation for institutional vandalism, a concurrent term of two years' probation for resisting arrest, and one year of probation, consecutive to the other sentences, for disorderly conduct.

The transcript from Vega's October 16, 2013 guilty plea hearing is not in the certified record.

On June 18, 2014, Vega appeared for a revocation of probation hearing before the same judge who imposed his initial sentence. Vega admitted that he violated multiple terms of probation, including (1) failing to report to his probation officer between December 2013 and January 2014, (2) moving from his approved residence without notifying his probation officer, (3) consuming alcohol, and (4) pleading guilty to a new charge of simple assault[2] for a domestic incident with his girlfriend on February 6, 2014. N.T., 6/18/14, at 2-4. Following his arrest on the new simple assault charge, Vega damaged a prison cell and brawled with his cellmate. *Id*. at 3-4.

---

[1] 18 Pa.C.S. §§ 5104, 3307(a)(3) and 5503(a)(1), respectively.

[2] 18 Pa.C.S. § 2701. Vega was sentenced to 2 years' probation for this new offense. *Id*. at 2.

The court revoked Vega's probation and imposed consecutive sentences of 1-2 years' imprisonment for institutional vandalism, 1-2 years' imprisonment for resisting arrest and 6-12 months' imprisonment for disorderly conduct, the maximum available sentence for each offense.[3] N.T., 6/18/14, at 4. The court explained that it was sentencing Vega to imprisonment because the convictions underlying his probationary sentence were "anger-type" in nature, and his conduct while on probation demonstrated no attempt to reform. N.T., 6/18/14, at 4. The court admitted in its Pa.R.A.P. 1925 opinion that it did not obtain a pre-sentence investigation report ("PSI") for purposes of Vega's revocation hearing or state on the record that it had considered Vega's age, family history or rehabilitative needs. *Id*. at 2. Nevertheless, the court justified its sentence by observing that Vega's "crime and character" were "foremost in this Court's mind" at the revocation hearing. *Id*.

Vega did not appeal within thirty days after the new judgment of sentence. On February 23, 2015, however, he filed a PCRA petition alleging that his trial counsel failed to comply with his request to file a direct appeal.

_____

[3] Resisting arrest is a second degree misdemeanor, 18 Pa.C.S. § 5104, for which the maximum sentence is 1-2 years' imprisonment. 18 Pa.C.S. § 106(b)(7). Vega's offense of institutional vandalism was graded as a second degree misdemeanor under 18 Pa.C.S. § 3307, for which the maximum sentence is 1-2 years' imprisonment. Vega's offense of disorderly conduct was graded as a third degree misdemeanor under 18 Pa.C.S. § 5503, for which the maximum sentence was 6 months–1 year of imprisonment. 18 Pa.C.S. § 106(b)(8).

- 3 -

In an order dated September 15, 2015, the trial court reinstated Vega's direct appeal rights and authorized him to file post-sentence motions within the next ten days.

On September 24, 2015, Vega filed a timely motion to modify his sentence. The court denied this motion the next day. Vega filed a timely notice of appeal, and both Vega and the trial court complied with Pa.R.A.P. 1925.

Vega's appeal consists of a challenge to the discretionary aspects of his sentence. The imposition of sentence following the revocation of probation

> is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super.2014).

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a

- 4 -

four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Here, Vega filed a timely appeal, raised his claim of excessiveness in a post-sentence motion and provided a concise statement in his brief for allowance of appeal with respect to the discretionary aspects of sentence. In addition, the argument in Vega's brief – imposition of consecutive sentences without first reviewing a PSI – presents a substantial question for appeal. *See Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa.Super.2008) (claim that trial court failed to order PSI or conduct appropriate colloquy at sentencing hearing raised substantial question).

Despite satisfying *Allen's* four-part test, Vega has waived this issue for a different reason. The court's failure to review a PSI at the revocation hearing is excusable when the court had the benefit of a PSI at the original sentencing hearing. *See Commonwealth v. Pasture*, 107 A.3d 21, 27-29 (Pa.2014). Here, the transcript from Vega's initial sentencing hearing on October 16, 2013 is missing from the record. Consequently, we cannot tell whether the court reviewed a PSI at Vega's initial sentencing hearing, which in turn prevents us from determining whether the court abused its discretion at Vega's revocation hearing. As the appellant, Vega has the duty to ensure

that the certified record is complete for purposes of appellate review. *See Commonwealth v. Gonzalez*, 109 A.3d 711, 725 (Pa.Super.2015). Vega must bear the blame for the absence of the October 16, 2013 transcript from the record.

For the benefit of the parties, we explain Vega's waiver in further depth. The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a PSI as an aid in imposing an individualized sentence. The Rules provide in relevant part:

> (1) The sentencing judge may, in the judge's discretion, order a [PSI] in any case.
>
> (2) The sentencing judge shall place on the record the reasons for dispensing with the [PSI] if the judge fails to order a [PSI] in any of the following instances:
>
>> (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]

Pa.R.Crim.P. 702(A)(1), (2)(a). When ordered, the PSI shall be available to the sentencing judge and other specified individuals for review, but it cannot become part of the record. Pa.R.Crim.P. 703(A).

We have discussed the role of the PSI as follows:

> The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background....The court must exercise "the utmost care in

- 6 -

sentence determination" if the defendant is subject to a term of incarceration of one year or more[.]

To assure that the trial court imposes sentence in consideration of both "the particular circumstances of the offense and the character of the defendant," our Supreme Court has specified the minimum content of a PSI report. The "essential and adequate" elements of a PSI report include all of the following:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative

programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

[While case law does not] require that the trial court order a pre-sentence investigation report under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source. Our cases establish, as well, that the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it.

*Commonwealth v. Carillo-Diaz*, 64 A.3d 722, 725-26 (Pa.Super.2013).

When the court revokes probation, PSI procedures continue to apply, *Carillo-Diaz*, 64 A.3d at 725 n.3, with one important modification. Specifically, when the trial court obtains a PSI for an initial sentencing hearing, it is not mandatory to obtain a new, second PSI before revoking probation and imposing a new sentence. *Pasture*, 107 A.3d at 27-29.

In *Pasture*, the defendant entered an *Alford*[4] plea to aggravated assault and corruption of minors. The trial court initially sentenced the defendant to 11½-23 months' imprisonment, followed by 8 years of reporting probation, for aggravated indecent assault, plus five consecutive

_____

[4] *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (trial court does not commit constitutional error in accepting guilty plea despite defendant's claim of innocence).

years' reporting probation for corruption of minors. The court had the benefit of a PSI before imposing sentence. *Id*. at 23, 28-29. While serving his probationary term, the defendant began using drugs and alcohol in violation of a condition of probation. Without obtaining a new PSI, the trial court revoked the defendant's probation and sentenced him to 2½-5 years' imprisonment, followed by three years of probation, for his aggravated indecent assault conviction, plus a consecutive five years' probation for his corruption of minors conviction. The Superior Court vacated the defendant's judgment of sentence and remanded for resentencing based on, *inter alia*, the trial court's failure to obtain a new PSI prior to resentencing.

Our Supreme Court reversed and reinstated the defendant's sentence. The Court observed that following revocation of probation,

> a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings. *See* [**Commonwealth v.**] **Walls**, 926 A.2d [957,] 967 n.7 [(Pa.2007)] ('Where [a PSI] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors'). Contrary to the Superior Court's suggestion in the instant case, there is no absolute requirement that a trial judge, who has already given the defendant one sentencing break after having

- 9 -

the benefit of a full record, including a PSI, must order another PSI before fashioning the appropriate revocation sentence.

**Pasture**, 107 A.3d at 28. The Court further reasoned:

[A]fter entering his plea, Pasture initially received a lenient sentence for aggravated indecent assault and corruption of minors. In fact, Pasture originally received a mitigated-range sentence, and the bulk of his sentence was probationary in nature. Despite this, he failed to adhere to the conditions imposed upon him, and the trial court, upon revocation of the probation, imposed a lengthier sentence, which was within the statutory bounds. We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him … In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

In the instant case, the record confirms that the revocation court judge, who had previously presided over Pasture's plea, Megan's Law II, and original sentencing hearings, was in possession of a PSI from the initial sentencing proceedings and heard evidence at the revocation hearing regarding Pasture's conduct while he was on probation. Thus, the revocation court was provided with sufficient information to make a fully informed sentence following the revocation of Pasture's probation. Additionally, the revocation court explained the court's attempts to address Pasture's rehabilitative needs through probation in conjunction with drug treatment had failed, and despite the fact Pasture's probation officer had afforded him numerous opportunities to conform to the terms of his probation, Pasture continued to use prohibited substances similar to the ones he had used when he committed his prior sex offenses against children.

**Id**. at 28-29. In essence, although the trial court did not obtain a new PSI for Pasture's revocation hearing, his post-revocation sentence was proper

- 10 -

because of (1) the trial court's possession of a PSI prior to his initial sentencing hearing and (2) his misconduct on probation.

In this case, Vega contends that his sentence following revocation of probation was improper because the court failed to review a PSI during his revocation hearing. At the time of Vega's initial sentence, he faced the possibility of a sentence of imprisonment of one year or more. *See* n. 3, *supra*. Thus, Rule 702 required the trial court either to obtain a PSI or to place reasons on the record for dispensing with a PSI. If the trial court obtained a PSI at the time of initial sentencing, it was unnecessary to obtain a new PSI for Vega's revocation hearing, because **(1)** the same judge who had presided over Vega's initial sentencing hearing was in possession of a PSI from initial sentencing and heard evidence at the revocation hearing regarding Vega's conduct while he was on probation, *see Pasture*, 107 A.3d at 29; and **(2)** the PSI from initial sentencing would have addressed the factors that Vega claims the court failed to consider at his revocation hearing: his "age, family history and rehabilitative needs." Brief For Appellant, at 5; *see also Carillo-Diaz*, 64 A.3d at 726 (PSI must include, *inter alia*, offender's complete social history, family history and resources available for rehabilitation).

To determine whether the trial court had a PSI at Vega's initial sentencing hearing, we need to review the transcript from this hearing, which would either have stated that the court was in possession of a PSI or

explained why the court dispensed with a PSI. The omission of the initial sentencing hearing transcript from the certified record prevents us from learning whether the court obtained a PSI for Vega's initial sentencing, which in turn prevents us from addressing Vega's argument that the court abused its discretion at his revocation hearing. As a result, Vega has waived this argument. *See Commonwealth v. Powell*, 956 A.2d 406, 422–23 (Pa.2008) (defendant waived appellate review of claim that trial court erred in admitting autopsy photograph during capital murder trial; photograph was not contained in certified record, leaving appellate court unable to assess defendant's claim that photograph was gruesome and was likely to inflame jury's passions); *Gonzalez*, 121 A.3d at 724-25 (appellant waived argument that trial court erred in admitting victim's audiotaped statement to police into evidence, which he claimed inflamed the jury against him due to victim's sobbing voice, where certified record did not include audiotape).

Judgment of sentence affirmed.

Judge Mundy joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016