J-S42026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELVIN EDUARDO MARTINEZ-MALDONADO | |
| Appellant | No. 1756 MDA 2016 |

Appeal from the Judgment of Sentence September 1, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000042-2016
CP-22-CR-0000231-2015
CP-22-CR-0000843-2014
CP-22-CR-0002441-2015

BEFORE: OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.: **FILED NOVEMBER 13, 2017**

Melvin Eduardo Martinez-Maldonado appeals from the September 1, 2016 judgment of sentence entered in the Dauphin County Court of Common Pleas following his revocation of probation. We affirm.

On May 27, 2014, Martinez-Maldonado pled guilty to retail theft[1] at CP-22-CR-0000843-2014 ("Docket No. 843") and the trial court sentenced him to 1 year of probation. On May 19, 2015, Martinez-Maldonado pled guilty to two counts of retail theft at CP-22-CR-0000231-2015 ("Docket No. 231") and the trial court sentenced him to 3 to 18 months' incarceration. On February

_____

[1] 18 Pa.C.S. § 3929(a)(1).

24, 2016, Martinez-Maldonado entered guilty pleas at CP-22-CR-0002441-2015 ("Docket No. 2441") and CP-22-CR-0000042-2016 ("Docket No. 42"). At Docket No. 2441, he pled guilty to possession of a controlled substance,[2] and the trial court sentenced him to 12 months' probation to run concurrently with the probation imposed at Docket No. 843. At Docket No. 42, he pled guilty to retail theft, criminal conspiracy – retail theft, and possession of drug paraphernalia,[3] and the trial court sentenced him to 12 months' probation for retail theft, to run consecutive to his probation at Docket No. 2441; a concurrent 12 months' probation for criminal conspiracy; and no additional punishment for possession of drug paraphernalia.

On February 24, 2016, the trial court also revoked Martinez-Maldonado's probation at Docket Nos. 843 and 231. The trial court sentenced him to 24 months' probation at Docket No. 843, and at Docket No. 231, the trial court sentenced him to serve the balance of 11 months and 26 days' incarceration for the retail theft conviction, immediate parole to house arrest with electronic monitoring, and a concurrent 11 months and 26 days' incarceration, immediate parole, for the criminal conspiracy conviction.

---

[2] 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S. § 3929(a)(1), § 903, and 35 P.S. § 780-113(a)(32), respectively.

On September 1, 2016, Martinez-Maldonado again appeared before the trial court for a probation revocation hearing at Docket Nos. 843, 231 2441, and 42. The trial court set forth the following facts:

> [Martinez-Maldonado]'s Dauphin County Probation Officer, Allen Proper testified that between April 5, 2016 and May 10, 2016, [Martinez-Maldonado] accrued numerous violations of the sentencing condition of electronic monitoring. Parole Officer Proper testified that [Martinez-Maldonado] violated the conditions in spite of the instruction that [Martinez-Maldonado] obtain permission to leave his house to work or attend treatment.
>
> [Martinez-Maldonado] violated the condition of house arrest by residing at unknown and unapproved addresses. In addition, without notifying Parole Officer Proper, [Martinez-Maldonado] remained out until midnight on one occasion and 2 a.m. on another without prior notification. Further, Officer Proper encountered [Martinez-Maldonado] driving under a suspended license in an area remote from his approved address.[1] A search of [Martinez-Maldonado]'s vehicle recovered hypodermic needles.
>
> [1] [Martinez-Maldonado] ple[d] guilty to driving under suspension.

Trial Court Opinion, 1/17/17, at 3-4 ("1925(a) Op.") (internal citations omitted). The trial court revoked Martinez-Maldonado's probation and re-sentenced him as follows:

> [Docket No. 843] – Count 1 – Retail Theft – Parole is revoked. [Martinez-Maldonado] to serve 18 to 36 months at a state correctional institution. [Martinez-Maldonado] is to receive credit of 12 months and 13 days in computing that sentence. RRRI eligible – 13 months and 15 days. . . .
>
> [Docket No. 231] – Count 1 – Retail Theft – Parole is revoked. [Martinez-Maldonado] to

- 3 -

serve balance of 8 months and 3 days concurrent with [Docket No. 42] and with the following credit NOT already applied: 5/10/2016 to 9/01/2016. Immediate parole, released to State sentence. Count 2 – Conspiracy – Parole is revoked. To serve 8 months and 3 days. Immediate parole.

[Docket No. 2441] – C[ount] 1 – Unlawful Possession of Controlled Substance – Probation is revoked. To serve balance of 6 months and 28 days concurrent with Docket [No. 843] and with the Docket [No. 42] – Retail Theft Count 1 – Probation is revoked. [Martinez-Maldonado] is to serve 12 to 24 months at SCI consecutive to Docket [No. 843]. RRRI eligible in 9 months; [Martinez-Maldonado] is given credit for 5 months and 5 days. Count 2 – Retail Theft – closed.

[Docket No. 42] – Retail Theft Count 1 – Probation is revoked. [Martinez-Maldonado] is to serve 12 to 24 months at SCI consecutive to Docket [No. 843]. RRRI eligible in 9 months; [Martinez-Maldonado] is given credit for 5 months and 5 days. Count 2 – Retail Theft – closed.

*Id.* at 2-3.

On September 12, 2016, Martinez-Maldonado filed a post-sentence motion/motion for reconsideration. On September 28, 2016, the Commonwealth filed an answer. On October 5, 2016, before the trial court ruled on his motion, Martinez-Maldonado filed a petition under the Post Conviction Relief Act ("PCRA") seeking to have his appeal rights reinstated. On October 12, 2016, the trial court granted Martinez-Maldonado's PCRA

- 4 -

petition and reinstated his appellate rights. On October 14, 2016, the trial court denied Martinez-Maldonado's post-sentence motion and on October 18, 2016, Martinez-Maldonado filed a notice of appeal.

On appeal, Martinez-Maldonado raises the following issue: "Whether the trial court committed an error when it sentenced Martinez-Maldonado to an aggregate period of incarceration of not less than eighteen (18) months to no more than thirty-six (36) months at a state correctional institute[.]" Martinez-Maldonado's Br. at 5.[4] In particular, Martinez-Maldonado claims that the trial court abused its discretion by failing to order a PSI report. *Id.* at 11.

Martinez-Maldonado's issue challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

---

[4] Martinez-Maldonado does not challenge the revocation of his probation; rather, he challenges the sentence imposed.

Martinez-Maldonado filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Additionally, Martinez-Maldonado's claims that the trial court dispensed with a pre-sentence investigation ("PSI") report without adequately stating its reasons and that his sentence is excessive in light of the technical violations of his probation raise substantial questions. **See Commonwealth v. Flowers**, 950 A.2d 330, 332 (Pa.Super. 2008) (stating that an "allegation that the trial court imposed sentence 'without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report'" raises a substantial question) (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa.Super. 2000)); **Commonwealth v. Malovich**, 903 A.2d at 1253 ("[A] claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review."). Accordingly, we will review the merits of his claim.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa.Super. 2010). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the

record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

Martinez-Maldonado claims that the trial court erred in failing to order a PSI report. He contends that, as a consequence, the trial court did not properly assess Martinez-Maldonado's character and potential response to rehabilitation programs.

"[A] claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited." *Flowers*, 950 A.2d at 331. Pennsylvania Rule of Criminal Procedure 702(A)(1) provides that a sentencing judge may, in his or her discretion, order a PSI report. Pa.R.Crim.P. 702(A)(1). Further, if the sentencing court fails to order a PSI report, it shall place on the record its reasons for dispensing with the report.[5] *Id.* We have explained that "[t]he essential inquiry is . . . whether the sentencing court was 'apprised of comprehensive information to make the punishment fit not only the crime but

---

[5] Rule 702(A)(2) provides that the sentencing judge must place reasons for dispensing with a PSI report on the record in any of the following instances:

> (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;

> (b) when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or

> (c) when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.

Pa.R.Crim.P. 702(A)(2).

also the person who committed it.'" ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1032 (Pa.Super.) (internal citation omitted), *app. denied*, 159 A.3d 935 (Pa. 2016).  Moreover, technical non-compliance with the requirements of Rule 702(A)(2) may be harmless when the trial court elicits sufficient information during the colloquy to substitute a PSI report, thereby allowing a fully informed decision.  ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 727 (Pa.Super. 2013).

Here, the trial court concluded:

> The Court properly exercised its sentencing discretion following revocation based upon [Martinez-Maldonado]'s repeated violation of probationary conditions and lack of amenability to rehabilitation outside of incarceration.
>
> . . .
>
> Further, in considering the sentences, we did not require a [PSI report].  We were fully apprised of the facts of [Martinez-Maldonado]'s violations based upon the evidence presented at the September 1, 2016, revocation hearing and at [Martinez-Maldonado]'s February 24, 2016, revocation hearing.  A [PSI report] is unnecessary where the court has "sufficient information to substitute for a [PSI report] thereby allowing a fully informed individualized sentencing decision." [***Carrillo-Diaz***, 64 A.3d at 727].

1925(a) Op. at 4-5.

At the September 2016 revocation hearing, the Honorable John F. Cherry stated that he had also presided over Martinez-Maldonado's sentencing in 2015 and his revocation of probation in February 2016.  N.T., 9/1/16, at 7, 10-11.  The trial court inquired into Martinez-Maldonado's age, stated that Martinez-Maldonado had a prior record score of five, that the court had

provided him multiple opportunities, and "no matter how much kindness or opportunities [are] extended, he will continue to tell us how we're wrong and he's right." *Id.* at 7, 11. Further, during the February 2016 revocation hearing, the trial court was apprised of Martinez-Maldonado's employment and mental and physical health issues. N.T., 2/24/16, at 6-7. Finally, Martinez-Maldonado's written guilty plea colloquies also provided his educational background.

Martinez-Maldonado relies on **Flowers** to support his argument that a PSI report was necessary. In **Flowers**, we stated that, "even where repeated probation violation hearings have rendered the sentencing judge substantially familiar with the defendant's criminal history, a PSI report remains necessary." 950 A.2d at 333-34. We explained that "[t]his mandate springs from the imperative of individualized sentencing. . . . To achieve that objective, the trial judge, before imposing sentence, even on a probation or parole revocation, must actively explore the defendant's character and his potential response to rehabilitation programs." *Id.* at 334. We held that the need for a PSI report was apparent because the trial court relied on a limited colloquy consisting of the seriousness of the offense and the violation of probation. *Id.*

Here, the trial court presided over Martinez-Maldonado's sentencing and revocation hearings; had before it Martinez-Maldonado's age, educational background, employment, and mental and physical health issues; was aware

of the facts constituting the violation of probation; and found that Martinez-Maldonado repeatedly had failed to take advantage of the opportunities the court provided.

Although the trial court did not state on the record its reasons for dispensing with a PSI report, it had sufficient information to allow it to determine the circumstances of the offense and Martinez-Maldonado's character. **See Flowers**, 950 A.2d at 334 ("[T]he first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant.") (quoting **Goggins**, 748 A.2d at 728).

Accordingly, we conclude the trial court did not abuse its discretion in dispensing with a PSI report and in sentencing Martinez-Maldonado.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017

- 10 -