J-S76026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PURNELL MCCALL | |
| Appellant | No. 3573 EDA 2016 |

Appeal from the Judgment of Sentence imposed October 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0013037-2014,
CP-51-CR-0013063-2014

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 12, 2018**

Appellant, Purnell McCall, appeals from the sentence imposed on October 20, 2016, in the Court of Common Pleas of Philadelphia after the trial court revoked his probation.  Appellant contends the trial court abused its discretion by imposing a manifestly excessive sentence and failing to order a presentence report.  Finding no abuse of discretion, we affirm.

A review of the record reveals that Appellant was arrested on November 2, 2014, and was charged with various offenses, including aggravated assault and receiving stolen property.  On June 18, 2015, Appellant's cases were

_____

[*] Retired Senior Judge assigned to the Superior Court.

transferred to the jurisdiction of the Mental Health Court (MHC) based on an evaluation indicating Appellant needed mental health treatment. Trial Court Opinion, 2/8/17, at 1. Appellant's cases were reviewed in June, July, August, October and December of 2015, before an appropriate placement was identified and he formally entered into MHC. *Id.*[1]

On January 7, 2016, Appellant entered a negotiated guilty plea to aggravated assault and receiving stolen property and was sentenced to 11-1/2 to 23 months' incarceration with credit for time served, followed by three years' probation on each charge. He was paroled to a residential treatment program for adults on January 20, 2016. As a condition of his sentence, Appellant was ordered to comply with MHC conditions and to participate in mental health treatment as well as drug and/or alcohol treatment with occasional random drug screening. *Id.* at 1-2.[2]

Appellant's probation officer, Shimia Dawkins, testified at Appellant's revocation hearing. She explained that on three consecutive days beginning on January 26, 2016, she received telephone calls from the treatment center,

---

[1] The trial court and Appellant refer to various documents, including reports reviewed by the trial court. However, Appellant has not included these reports in the record certified to this Court. "Appellant has the duty to ensure that all documents essential to his case are included in the certified record." *Commonwealth v. Walker*, 878 A.2d 887, 888 (Pa. Super. 2005).

[2] Appellant has not included the transcripts of the January 7, 2016 plea hearing in the record certified to this Court. *See* n.1.

advising that Appellant was acting inappropriately with staff and other residents, was not medication compliant, and was asking to leave the center with his father.  Notes of Testimony, 10/20/16, at 7-8.  On the following day, January 29, 2016, Appellant went out to smoke a cigarette after lunch and did not return to the center.  *Id.* at 8.  Ms. Dawkins issued wanted cards.  On February 4, Appellant was arrested and charged with theft of a vehicle, receiving stolen property, fleeing, and unauthorized use.[3]  In light of Appellant's probation violations, Ms. Dawkins recommended that Appellant's probation be revoked and that he be removed from MHC.  *Id.*

The trial court found Appellant in both direct and technical violation of his probation, revoked it, and proceeded to sentencing.  Based on Ms. Dawkins' report, the testimony from the hearing, including reference to Appellant's prior record score of five, and Appellant's failure to avail himself of MHC programs, the trial court sentenced Appellant to two to five years of incarceration, concurrent with the state sentence Appellant was serving.  *Id.* at 13-14.  This timely appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider one issue in this appeal:

> Did not the lower court err by imposing an unduly harsh, manifestly excessive and unreasonable punishment, in

---

[3] Appellant received a state sentence of one to two years in prison and three years of probation for these crimes.  *See* Notes of Testimony, 10/20/16, at 8-9.

contravention of the general standards set forth by 42 Pa.C.S.A. § 9721 when it sentenced [Appellant] to a term of total incarceration in a state institution for an aggregate period of 2 to 5 years after failing to adequately examine and consider [Appellant's] background, character and rehabilitative needs and the circumstances of his violations and after failing to order a pre-sentence investigation report or placing its reasons on the record for dispensing with such a report?

Appellant's Brief at 3. As such, Appellant presents a challenge to the discretionary aspects of sentence.

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017) (citation omitted). Before we can reach the merits of a discretionary aspects challenge,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 815-16 (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted)). Here, Appellant filed a timely notice of appeal, preserved the issue in a post-sentence motion, and included a statement in compliance with Pa.R.A.P. 2119(f). Therefore, we must determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code. "The determination of what constitutes a substantial question must be evaluated on a case-by-

case basis." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (quoting ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011)).

Appellant contends the trial court imposed a sentence that was manifestly excessive and unreasonable in violation of the provisions of the Sentencing Code. Appellant's Brief at 11-13. He also contends the trial court failed to apprise itself of Appellant's mental health issues by failing to order a pre-sentence report or stating on the record the reasons for dispensing with a report.[4] ***Id.*** at 13. This Court has held that a claim "the trial court imposed sentence 'without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report' does raise a substantial question." ***Commonwealth v. Flowers***, 950 A.2d 330, 332 (Pa. Super. 2008) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 728 (Pa. Super. 2000)). Therefore, we find Appellant's Rule 2119(f) statement sufficient and grant allowance of appeal.

In ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722 (Pa. Super. 2013), this Court explained:

---

[4] Pa.R.Crim.P. 702(A)(1) provides that a "sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case." In absence of a report, the sentencing judge is to place on the record the reasons for dispensing with the report under certain circumstances. Relevant to this case is the requirement to provide reasons "when incarceration for one year or more is a possible disposition under the applicable sentencing statutes." Pa.R.Crim.P. 702(A)(2)(a).

> Although Rule 702(A)(2) provides the requirement to document the reasons for not ordering a pre-sentence report is mandatory, in **Flowers**, this Court made clear that sentencing courts have some latitude in how this requirement is fulfilled. Citing to **Goggins**, we stated that "technical noncompliance with the requirements of Rule 702(A)(2) might have been rendered harmless had the court elicited sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision[.]"

*Id.* at 727 (quoting **Flowers**, 950 A.2d at 333) (additional citations omitted).

"The essential inquiry is . . . whether the sentencing court was apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it." **Commonwealth v. Finnecy**, 135 A.3d 1028, 1032 (Pa. Super. 2016) (internal quotations and citation omitted), *appeal denied*, 159 A.3d 935 (Pa. 2016).

At Appellant's October 20, 2016 hearing, after hearing argument from counsel for the Commonwealth and for Appellant, the trial court announced:

> Mr. McCall, I have reviewed the report and listened to all of the testimony. I considered your information as well.
>
> Noting once again your prior record score and the nature of the offenses, this offense, the fact that there is a direct violation as well, and the fact that you did not avail yourself of the opportunities of mental health court and the program, I do think the state sentence is warranted under all these circumstances.
>
> So, on this matter where I found you to be in violation and having revoked your probation, I will give you the sentence of two to four years of incarceration.

Notes of Testimony, 10/20/16, at 13-14. In response to a request from Appellant's counsel that the court consider making the sentence concurrent to the one Appellant was serving, the trial court responded:

- 6 -

> That's what I'm looking at. This is what—I want to—I'm reconsidering that on my own. And I will make the sentence two to five years of incarceration, but I will make it concurrent to the sentence that you're serving now.
>
> Now, we're doing each charge to run concurrent to each other and concurrent to the sentence you're now serving. All the other conditions of the original sentence still remain.

*Id.* at 14.

Although the trial court did not address the lack of a pre-sentence report during the October 20, 2016 hearing, the court did address the issue in its Rule 1925(a) opinion, explaining:

> Furthermore, the court did not err by foregoing a pre-sentence investigation report. The first responsibility of the sentencing judge is to be sure that she has sufficient information to enable her to make a determination of the circumstances of the offense and the character of the defendant. ***Commonwealth v. Carrillo-Diaz***, 2013 PA Super 75, 64 A.3d 722, 725 (2013). In the instant case, the court had more than sufficient information to fashion an appropriate sentence for [A]ppellant. Prior to his negotiated guilty plea and formal entry into MHC, the court received [A]ppellant's mental health evaluation, which included detailed information on his background and mental health concerns. Appellant's cases were reviewed prior to entry of the plea on at least four occasions where the court received updates and information necessary to assure that [A]ppellant was placed in a setting appropriate to his specific needs, including his activities and the progress of treatment. As is the policy in MHC, following his formal entry into MHC, [A]ppellant's case was reviewed approximately every thirty days between January 7, 2016 and September 29, 2016. Moreover, the court received an additional mental health and psychiatric evaluation on May 23, 2016. Additionally, the court considered [A]ppellant's specific circumstances by ordering that his sentences run concurrent to the sentence he was already serving. The court's comprehensive history with [A]ppellant gave the court sufficient information to determine a proper individualized sentence, ***see Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 726 (Pa. Super. 2013) (holding that the combination

of Gagnon II[5] hearing summaries, clinician reports, and work history provided the trial court with sufficient information to substitute for the contents of a presentence investigation report). Furthermore, as required by 42 Pa.C.S.A. § 9721(b), the court stated the reasons for the sentence on the record and stayed within any relevant statutory and sentencing guidelines. 42 Pa.C.S.A. § 9721(b); ***Commonwealth. v. Walls***, 926 A.2d 957, 962 (Pa. 2007). Thus the court did not err in dispensing with the pre-sentence investigation and this claim fails.

Trial Court Opinion, 2/8/17, at 6-7 (some capitalization omitted).

We conclude that the record reflects the scope of the trial court's review and the statement of reasons for the sentence imposed as well as the court's consideration of the circumstances of the offenses and Appellant's background. We conclude that Appellant is not entitled to relief based on the absence of a pre-sentence report. Further,

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

***Commonwealth v. Fullin***, 892 A.2d 843, 847-48 (Pa. Super. 2006) (brackets and internal citations omitted). Here, the trial court considered the § 9721 factors and imposed a sentence within the guidelines.[6] As this Court has recognized:

---

[5] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[6] Although Appellant does not challenge the sentence itself, we note that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration

- 8 -

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003) (citations and internal quotations omitted).

Appellant has failed to demonstrate that the trial court ignored or misapplied the law, improperly exercised its judgment, or arrived at a manifestly unreasonable decision. Therefore, we shall not disturb Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18

---

being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b).