**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Dwayne FLOWERS, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 2008.
Filed May 23, 2008.

H. David Rothman, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., and Kevin F. McCarthy, Asst. Dist. Atty., for Com., appellee.

BEFORE: BENDER, BOWES and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 Dwayne Flowers appeals the judgment of sentence of four to ten years' incarceration imposed following revocation of probation for technical violations. Flowers's original sentence followed a plea of *nolo contendere* to charges of Statutory Sexual Assault, Indecent Assault, and Endangering the Welfare of Children, 18 Pa. C.S. §§ 3122.1, 3126, 4304 (respectively). Flowers contends that the trial court erred in imposing sentence without ordering a pre-sentence investigation (PSI) and explaining on the record its reasons for refusing to do so. Given the limited nature of the court's colloquy with the defendant at the plea and sentencing hearings, we find Flowers's claim meritorious. Accordingly, we vacate his judgment of sentence and remand for re-sentencing.

¶ 2 Flowers tendered his plea on January 11, 2005, after the Commonwealth charged him with multiple counts of Rape and Aggravated Indecent Assault in connection with a series of sexual assaults he committed on his niece when the victim

was less than sixteen years of age. In exchange for Flowers's plea, the Commonwealth amended the information to include lesser charges of Statutory Sexual Assault and deleted the Rape and Aggravated Indecent Assault charges. At the plea hearing, the trial judge conducted a standard plea colloquy and imposed a sentence of five years' probation with mandatory drug and alcohol treatment and weekly urinalysis. In early 2006, however, Flowers's urine tested positive for both alcohol and drugs and he failed to report to his probation officer as required. Thereafter, on May 15, 2006, Flowers pled guilty to two counts of Driving Under the Influence. After an initial revocation hearing at which the trial court determined to revoke Flowers's probation, the court convened a new sentencing hearing and imposed a term of four to ten years' incarceration. Significantly, the court did not order a pre-sentence investigation and offered no statement on the record to explain its decision not to do so. Moreover, the court did not question Flowers concerning matters that a PSI report would have documented and made no reference to any documentation that may have been compiled prior to the original sentencing. Flowers challenged the court's disposition in two post-sentence motions, requesting specifically that the court order a pre-sentence investigation and revisit the sentence when the report was submitted. The court denied Flowers's motions, and Flowers then filed this appeal, raising the following question for our review:

Did the trial court err in imposing [the] sentence by declining a pre-sentence report, resulting in a record without any background or character of Appellant?

Brief for Appellant at 1.

■ ¶ 3 The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a pre-sentence investigation as an aid in imposing an individualized sentence. *See* Pa. R.Crim.P. 702(A)(1); *see also Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa.Super.2000). Accordingly, a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited. *See Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005); *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa.Super.2007) ("A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]"). The Rules of Appellate Procedure mandate that to obtain review of such claims, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. *See id.; see also* Pa. R.A.P. 2119(f). The defendant's Concise Statement must, in turn, raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a "fundamental norm" of the sentencing process. *See Fiascki*, 886 A.2d at 263; *Commonwealth v. Ousley*, 392 Pa.Super. 549, 573 A.2d 599, 601 (1990) (citations and internal quotation marks omitted) ("[A]ppeals from the discretionary aspects of sentence are not to be granted as a matter of course, but ... only in exceptional circumstances where it can be shown in the 2119(f) statement that despite the multitude of factors impinging on the sentencing decisions, the sentence imposed contravenes the sentencing code.") The determination of whether a particular issue poses a substantial question is to be made on a case-by-case basis. *See Fiascki*, 886 A.2d at 263. If, however, the Rule 2119(f) statement is absent or if the statement provided fails to demonstrate a substantial question, this Court may refuse to accept the appeal. *See id.*

¶ 4 In this case, Flowers has included a Rule 2119(f) statement. Although the Commonwealth acknowledges that the issue the statement raises poses a substantial question, it characterizes the statement as defective because it fails to recite where in relation to the Sentencing Guidelines the sentence imposed by the trial court falls. Brief for Appellee at 6. (quoting *Goggins*, 748 A.2d at 727). Although we recognize that *Goggins* generally does require the inclusion of such detail in the appellant's Rule 2119(f) statement, *see* 748 A.2d at 727, we do not find its omission fatal in this instance. To the extent that Flowers's challenge focuses upon the failure of the trial court to order a PSI or conduct an appropriate colloquy at the sentencing hearing, the actual length of the sentence imposed is incidental. We have held that an appellant's allegation that the trial court imposed sentence "without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report" does raise a substantial question. *Id.* at 728. Accordingly, we find Flowers's Rule 2119(f) statement sufficient and grant allowance of appeal.

■ ¶ 5 In support of his claim, Flowers argues succinctly that the trial judge must either order a PSI or state her reasons for declining to do so on the record where the defendant is a first time offender. Brief for Appellant at 3 (citing Pa.R.Crim.P. 702(A)(2)(a) and (3)). Flowers contends that the trial judge failed to do either and, consequently, abused her discretion in sentencing notwithstanding the actual length of the sentence. *See id.* In her Rule 1925(a) opinion, the trial judge concludes that the court always retains discretion whether to order a PSI and explains that she dispensed with the PSI in this instance because sufficient information appeared on the record to allow her to impose an appropriate sentence. Trial Court Opinion,

11/21/06, at 3. In support of her rationale, the trial judge recites the following excerpt of the record:

THE COURT: Well, you may have reported [to the TASK program] occasionally but you haven't been reporting as you were required to.

All right. Mr. Flowers had a Stage 1 hearing on December 6th of 2005. The case, to which he pled guilty before me, according to my notes, was ongoing sexual assault of a minor child, who I believe was 13 years old. This is a serious offense. Mr. Flowers got probation only because there is a plea agreement in the case.

Count 1 was amended to statutory sexual assault.

Mr. Flowers did not report as required, did not complete drug and alcohol, and was unsuccessfully discharged through TASK. You—your urine tested positive both for drugs and for alcohol. There is an unattributable charge of rape of a child, which you were arrested for in January of 2006, but which is alleged to have occurred prior to my case. So the Court will put little weight on that. However, in addition to all of your technical noncompliances, you are a convicted violator for an offense involving drug[s] and alcohol.

Mr. Flowers, the Court does not deem that you are a candidate for continued county supervision. You have done every single thing wrong that you could. There are—also, of course, are technicals, like failure to pay, and so on, that I have not listed.

*Id.* at 3–4 (quoting N.T., Violation–Sentence, 5/25/06, at 7–9).

¶ 6 We find the foregoing discussion insufficient to satisfy Rule 702. Although the trial court is correct in its assertion that the rule vests discretion in the trial judge to dispense with a PSI, it also mandates that under certain circumstances the

court must document its reasons for doing so.[1] At least one of those circumstances is expressly implicated here. *See* Pa. R.Crim.P. 702(A)(2)(a) (concerning possible sentences of one or more years incarceration). Nevertheless, no part of the court's colloquy explains its decision not to order a PSI. Although we might attempt to infer its reasons based upon the court's more general remarks, such an exercise is not supported by our case law. *See Commonwealth v. Monahan,* 860 A.2d 180, 184 (Pa.Super.2004) ("Again, while it is possible that the trial judge already knew [the defendant] from prior contact, nothing in the record reveals to us the nature, quality, or extent of that knowledge."). More to the point, such a course would effectively substitute our supposition for the certainty required by Rule 702(A)(2).

¶ 7 Nevertheless, we need not reject the possibility that technical noncompliance with the requirements of Rule 702(A)(2) might be rendered harmless had the court elicited sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision. *See Goggins,* 748 A.2d at 728 ("[A] sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background.") Although we recognize that the trial court had previous contact with Flowers at his original sentencing, its consideration on this record of factors germane to either his original offense or his current violation of probation does not approach the level of thoroughness afforded by a properly crafted PSI report.[2] *See id.; see also Monahan,* 860 A.2d at 184.

¶ 8 Indeed, this Court has held expressly that even where repeated probation vio-

---

1. The relevant provisions of the Rule appear as follows:

   **Rule 702. Aids in Imposing Sentence**
   **(A) Pre-sentence Investigation Report**
   (1) The sentencing judge may, in the judge's discretion, order a presentence investigation report in any case.
   (2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:
      (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;
      (b) when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or
      (c) when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.
   Pa.R.Crim.P. 702(A).

2. A properly crafted PSI report must address at least the following factors:
      (A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;
      (B) a full description of any prior criminal record of the offender;
      (C) a description of the educational background of the offender;
      (D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;
      (E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;
      (F) the offender's medical history and, if desirable, a psychological or psychiatric report;
      (G) information about environments to which the offender might return or to which he could be sent should probation be granted;
      (H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;
      (I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special

lation hearings have rendered the sentencing judge substantially familiar with the defendant's criminal history, a PSI report remains necessary. *See Commonwealth v. Carter*, 336 Pa.Super. 275, 485 A.2d 802, 804 (1984) (vacating judgment of sentence based upon trial judge's failure to obtain a PSI report following second *Gagnon* revocation hearing). This mandate springs from the imperative of individualized sentencing; "[e]ach person sentenced must receive a sentence fashioned to his or her individual needs." *Id.* To achieve that objective, the trial judge, before imposing sentence, even on a probation or parole revocation, must actively explore the defendant's character and his potential response to rehabilitation programs. *See id.* (admonishing that the responsibility of a sentencing judge to consider the character of the defendant in conjunction with the offense "is no less urgent where the defendant comes before the court as a probation violator"). Indeed, given the defendant's failure to respond to the original sanction of probation, the need for scrutiny of his character and underlying social influences is arguably enhanced, confirming the need of a current PSI report contoured to reflect the defendant's most recent offenses. Such a report is invaluable to informed sentencing and cannot be duplicated by the trial court's "unconfirmed assertion of familiarity with the [defendant's] prior record[.]" *Id.*

¶ 9 In this case, we find the need for a PSI report apparent; the underlying conviction subjects Flowers to a substantial term of incarceration in state prison for a crime easily repeated upon his release. Thus, if only to guard against the potential for recidivism, the sentencing court must achieve a thorough understanding of Flowers's history and background and impose a sentence that addresses not only his offense but the factors that moved him to commit it. This imperative is only amplified by Flowers's documented failures at drug and alcohol rehabilitation. In the absence of such consideration, documented of record, *see id.,* the goals of individualized sentencing are defeated and the trial judge's exercise of discretion cannot be sustained. As we stated in *Carter* and reaffirmed in *Goggins*, "[t]he first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Goggins*, 748 A.2d at 728; *Carter*, 485 A.2d at 804. The limited colloquy upon which the court relied here does not achieve that objective, merely restating the seriousness of the underlying offense and confirming Flowers's violation of his probation. Such a record offers no effective substitute for a PSI report. We conclude accordingly that the court's failure to order a PSI report constituted an abuse of discretion in sentencing. Consequently, we vacate the judgment of sentence and remand this matter for re-sentencing on the basis of a PSI report or a comprehensive colloquy that offers the functional equivalent of the information a PSI report would otherwise provide.

¶ 10 Judgment of sentence **VACATED.** Case **REMANDED** with direction. Jurisdiction **RELINQUISHED.**

¶ 11 Judge Tamilia concurs in the result.

---

programs in the probation department, and other similar programs which are particularly relevant to the offender's situation; (J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Id.* (quoting *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650, 658 (1976)). *See also Monahan*, 860 A.2d at 184.