J-S48007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL BARONE | |
| Appellant | No. 1120 WDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009732-2012

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 20, 2015**

Appellant, Paul Barone, appeals from the judgment of sentence entered following the revocation of his probation on June 4, 2014, in the Court of Common Pleas of Allegheny County.  After review, we vacate the judgment of sentence and remand for resentencing.

Barone originally entered a guilty plea to criminal trespass on March 25, 2013, and was sentenced to seven years' probation.  A year later, Barone violated his probation and was re-sentenced to one year of intermediate punishment followed by five years' probation.

A little over a year after that, Barone once again appeared for a probation violation hearing after testing positive for opiates.  A pre-sentence investigation report (PSI) was not requested prior to sentencing, and the revocation court did not offer its reasons for not requesting a PSI or

otherwise receive any pertinent sentencing information. At the conclusion of the brief hearing, the court summarily revoked Barone's probation and re-sentenced him to 18 to 36 months' imprisonment. Barone filed a motion for reconsideration of sentence, which the court denied. This timely appeal followed.

Barone argues on appeal that the revocation court erred in imposing a sentence without requesting a PSI report or otherwise taking into consideration his background, character, or rehabilitative needs. This issue challenges the discretionary aspects of Barone's sentence. Our scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). Therefore, Barone's claim is properly before us.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Barone filed a timely appeal and challenged his sentence in a post-sentence motion.[1] Barone's appellate brief also contains the requisite 2119(f) concise statement. Therein, Barone's challenge focuses on the sentencing court's failure to order a PSI report or conduct an appropriate colloquy at sentencing. ***See*** Appellant's Brief at 13. These claims raise substantial questions for our review. ***See Commonwealth v. Flowers***, 950 A.2d 330, 332 (Pa. Super. 2008).

"Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Smith***, 673 A.2d 893, 895 (1996) (citation omitted). We proceed to the merits.

A PSI report may be requested for sentencing at the discretion of the sentencing court. ***See*** Pa.R.Crim.P 702(A)(1). If the sentencing court does

---

[1] In its Rule 1925(a) opinion, the lower court concludes that Barone's apparent failure to serve the court with a copy of his Rule 1925(b) Concise Statement of Errors Complained of on Appeal, filed with the Department of Court Records on August 26, 2014, results in waiver of his claim on appeal. ***See*** Trial Court Opinion, 12/4/14. In its brief, the Commonwealth agrees with Barone's suggestion that, in the interests of judicial economy, we should not find waiver of Barone's claims. ***See*** Commonwealth's Brief at 10. As there is no objection from the Commonwealth, we decline to find waiver in this instance.

not order a PSI report, the sentencing court must "place on the record the reasons for dispensing with the pre-sentence investigation report … when incarceration for one year or more is a possible disposition under the applicable sentencing statutes." Pa.R.Crim.P 702(A)(2)(a).

The reasoning given for not requesting a PSI report must, "even on a probation or parole revocation, … actively explore the defendant's character and his potential response to rehabilitation programs." ***Commonwealth v. Kelly***, 33 A.3d 638, 641 (Pa. Super. 2011) (citation omitted). An active exploration into the defendant's character and potential responses may include information normally found in PSI reports such as the following:

> (A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;
>
> (B) a full description of any prior criminal record of the offender;
>
> (C) a description of the educational background of the offender;
>
> (D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;
>
> (E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;
>
> (F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G)   information about environments to which the offender might return or to which he could be sent should probation be granted;

(H)   supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I)   information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation; [and]

(J)   a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Id*. at 641-42 (citation omitted). Even if a sentencing court is familiar with a defendant, a PSI report is still necessary to provide a sufficient amount of information for sentencing. *See Flowers*, 950 A.2d at 333-34.

Here, the sentence for Barone's probation violation carried a possible incarceration period of greater than one year. Therefore, the sentencing court should have requested a PSI report or provided reasoning for not ordering the PSI report. *See* Pa.R.Crim.P 702(A)(2)(a). During the sentencing hearing, however, the sentencing court did not receive a PSI report or give a reason for not requesting a PSI report. Indeed, the two-page sentencing transcript reveals that the sentencing court did not receive *any* pertinent sentence information or conduct an appropriate colloquy for not requesting a PSI prior to imposing sentence. Although the sentencing court was familiar with Barone and his case, familiarity with the case alone

does not mean there was enough information to sentence Barone without a PSI. **See Flowers**, 950 A.2d at 333-34.

Based on the foregoing, we agree with Barone that the information (or lack thereof) provided during the sentencing hearing was not sufficient to determine an accurate individualized sentence. Accordingly, we are constrained to vacate the judgment of sentence and remand for re-sentencing.

On remand, the sentencing court must either order a PSI report or conduct a comprehensive colloquy that offers the equivalent information a PSI report would otherwise provide.

Judgment of sentence vacated. Case remanded for re-sentencing in accordance with this memorandum. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2015