J-A14016-18
J-A14017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRASHEED MITCHELL | : | |
| | : | |
| Appellant | : | No. 503 EDA 2017 |

Appeal from the Judgment of Sentence December 20, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010226-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRASHEED MITCHELL | : | |
| | : | |
| Appellant | : | No. 504 EDA 2017 |

Appeal from the Judgment of Sentence December 20, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011344-2011

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 01, 2018**

Brasheed Mitchell ("Appellant") appeals the judgments of sentence

imposed after the revocation of his probation.[1]  We affirm.

---

[1]  Appellant's appeal from the judgment of sentence imposed at CR-10226-2011 is lodged at 503 EDA 2017, and his appeal from the judgment of sentence at CR-11344-2011 is lodged at 504 EDA 2017.  For reasons of judicial economy, we address them both in this memorandum.

---

\*   Retired Senior Judge assigned to the Superior Court.

Appellant was arrested on April 15, 2011, and charged with drug and related offenses. He was arrested again on August 4, 2011, and charged with drug and related offenses. On November 29, 2011, Appellant pled guilty to violating 35 P.S. § 780-113(a)(30) at Montgomery County docket numbers CR-10226-2011 and CR-11344-2011 ("2011 convictions"). The trial court sentenced Appellant on the same day to probation for concurrent terms of four years. Appellant did not appeal those sentences.

As a result of Appellant committing various technical violations while on probation, he appeared for a violation of probation ("VOP") hearing on March 21, 2013. The trial court allowed Appellant to continue serving probation on the 2011 convictions.

While Appellant was serving probation on the 2011 convictions, he committed new crimes on February 9, 2015, in Lycoming County. Following a jury trial, he was found guilty of multiple offenses on March 31, 2016, and sentenced to incarceration for five to eleven years at CR-0000546-2015 (the "Lycoming County sentence").

On December 20, 2016, the trial court conducted by video a VOP hearing on the 2011 convictions. Finding Appellant in violation, the trial court revoked Appellant's probation and sentenced him on the 2011 convictions to incarceration for concurrent terms of five to ten years, to run consecutive to the Lycoming County sentence. Appellant did not file a post-sentence motion,

but he timely appealed the VOP sentences imposed on the 2011 convictions.[2]

Appellant and the trial court complied with Pa.R.A.P. 1925.

In each appeal, Appellant asks:  "Did the [trial] court err in sentencing [Appellant] without the benefit of a presentence investigation and mental health report?"  Appellant's Briefs at 10 (full capitalization omitted).

The following principles guide our review:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.  An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> * * *
>
> [We] review . . . to determin[e] the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b).   Also, upon

_____

[2]  Each of Appellant's notices of appeal contained one sentence:  "NOTICE IS HEREBY GIVEN that MITCHELL BRASHEED [sic], hereby appeals to the Superior Court of Pennsylvania from the Order entered in this matter."  Notices of Appeal (503 and 504 EDA 2017), 1/18/17.  Consequently, this Court issued a Rule to show cause why the appeals should not be quashed as there was no indication on the notices of appeal as to the order being appealed.  Order, 11/13/17.  Counsel for Appellant responded that failure to include the order date was an "administrative oversight."  Response to Rule to Show Cause, 11/15/17, at ¶ 4.  Counsel also argued that the notice of appeal substantially complied with Pa.R.A.P. 904(a), the order date was included in the criminal docketing statement, and the trial court opinion referenced the order.  *Id.* at ¶¶ 6, 7.  Upon review, we choose not to quash these appeals.  Counsel is directed to comply with Pa.R.A.P. 904 in the future.

> sentencing following a revocation of probation, the
> trial court is limited only by the maximum sentence
> that it could have imposed originally at the time of the
> probationary sentence.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-1284, 1286–1287 (Pa.

Super. 2012) (quoting *Commonwealth v. Allshouse*, 33 A.3d 31, 37 (Pa.

Super. 2011), and *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa.

Super. 2006)). Our scope of review also includes discretionary sentencing

challenges. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super.

2013) (*en banc*).

Appellant claims his sentence "was not fashioned to his individual

circumstance" because the sentencing court abused its discretion by failing to

order a pre-sentence investigation ("PSI") report. Appellant's Brief at 14. This

claim raises a challenge to the discretionary aspects of Appellant's sentence.

*Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008).

However, such a challenge is not appealable as of right. *Commonwealth v.*

*Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017). "Rather, where an

appellant challenges the discretionary aspects of a sentence, the appeal

should be considered a petition for allowance of appeal." *Commonwealth v.*

*Haynes* , 125 A.3d 800, 806–807 (Pa. Super. 2015) (citation omitted).

We will exercise our discretion to consider such a petition only if: (1)

the appellant has filed a timely notice of appeal; (2) he has preserved the

sentencing issue at the time of sentencing or in a motion to reconsider and

modify his sentence; (3) he presents the issue in a properly framed statement

in his brief under Pa.R.A.P. 2119(f), pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987); and (4) in the words of Section 9781(b) of the Sentencing Code, "it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." 42 Pa.C.S. § 9781(b); **Haynes**, 125 A.3d at 807.

Here, Appellant filed timely notices of appeal and included a Pa.R.A.P. Rule 2119(f) statement in each of his briefs. Notices of Appeal, 2/13/17; Appellant's Briefs at 6. However, Appellant did not raise an objection to his sentences at the VOP hearing, and he did not file post-sentence motions pursuant to Pa.R.Crim.P. 780(E). Thus, we decline to exercise our discretion to consider his petitions for allowance of appeal. **See Commonwealth v. Tejada**, 107 A.3d 788, 799 (Pa. Super. 2015) (instructing that where an appellant fails to preserve arguments raised in support of his discretionary sentencing claims at sentencing or in a post-sentence motion, they are not subject to appellate review).

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/18

- 5 -