J-S77041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR DICKERSON, | : | |
| | : | |
| Appellant | : | No.  816 EDA 2017 |

Appeal from the Judgment of Sentence January 30, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002028-2010

BEFORE:  OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:               **FILED JANUARY 30, 2019**

Victor Dickerson (Appellant) appeals from the judgment of sentence of three to six years of incarceration imposed after the revocation of his probation.  We affirm.

The revocation court set forth the following relevant procedural and factual history of this case.

> On February 3, 2010, at approximately 10:30 A.M., the complainant, Clarence West, who is 84 years of age and confined to a wheelchair, found Appellant in his home without permission. Appellant claimed that complainant's son, who was on deployment to Kuwait, gave him permission to enter the home.  Appellant fled with approximately $5,000 … worth of valuables.
>
> ***
>
> Appellant entered into a non-negotiated guilty plea on August 30, 2010[,] admitting to the crime of burglary, a felony of

---

* Retired Senior Judge assigned to the Superior Court.

the first degree. Sentencing was deferred for a presentence investigation [(PSI)] and mental health & psychiatric evaluation. On October 26, 2010, Appellant was sentenced to an aggregate total of 2 – 4 years of state incarceration followed by 3 years of probation.

Revocation Court Opinion, 5/21/2018, at 1-2 (footnotes and unnecessary capitalization omitted).

On August 29, 2016, while still serving his probationary sentence for the aforementioned burglary, Appellant was convicted of two felonies. On January 30, 2017, the revocation court held a **Gagnon II**[1] hearing, revoked Appellant's probation, and sentenced him to three to six years of incarceration to be served consecutively to his other sentences. Appellant did not file post-sentence motions, but did file a timely notice of appeal. Both Appellant and the revocation court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises two claims for our review. First, Appellant argues the revocation court erred because it "did not take into consideration [Appellant's] rehabilitative needs" when sentencing Appellant. Appellant's Brief at 3. Appellant also claims the revocation court erred by not ordering a PSI or mental health evaluation. **Id**.

Appellant's claims implicate the discretionary aspects of his sentence. **See Commonwealth v. Derry**, 150 A.3d 987 (Pa. Super. 2016) (noting that a claim that the sentencing court failed to or did not adequately consider rehabilitative needs challenges the discretionary aspects of a sentence);

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

*Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008) (pointing out that "a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing claim").

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal. However, our review of the record reveals that Appellant did not file a post-sentence motion or raise these issues at sentencing. *See* N.T., 1/30/2017. Accordingly, Appellant has not preserved these issues for our review, and he is not entitled to relief. *See Commonwealth v. Rhoades*, 8 A.3d 912, 915 (Pa. Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion).

Judgment of sentence affirmed.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/19