**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE M. PINES JR. | : | |
| | : | |
| Appellant | : | No. 1761 EDA 2019 |

Appeal from the PCRA Order Entered May 16, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003937-2015

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED SEPTEMBER 09, 2020**

George Pines, *pro se*, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. After conducting an exhaustive review of the six issues that Pines raises, we conclude that the PCRA court correctly determined that he was not entitled to relief and affirm.

By way of background, under the pretense of a drug deal, Pines, armed with a handgun, and two others broke into an apartment occupied by three individuals: Sheina Martin, Nancy Mundo, and Terrance Soloman. Pines and his accomplices robbed the occupants and ransacked their apartment, seeking both drugs and money. In the process, Pines shot Soloman in the face, killing

_____

[*] Retired Senior Judge assigned to the Superior Court.

him. After some level of resistance, Pines also shot Martin several times, but she survived.

Several weeks after the robbery and shootings, Pines was transported for questioning to Philadelphia's homicide headquarters. There, in sequential order, he was asked biographical information, was Mirandized, signed a consent to search his vehicle and cell phone, and then Mirandized a second time. After that, Pines admitted to police detectives that he shot and killed Soloman, but denied that he shot Martin. Instead, he claimed that it was one of the two other robbers. He denied any affiliation with the other robbers.

After the denial of his motion seeking to suppress the statement he made to the detectives, Pines entered into a negotiated guilty plea to third-degree murder, *see* 18 Pa.C.S.A. § 2502(c), robbery, *see* 18 Pa.C.S.A. § 3701, and two counts of aggravated assault, *see* 18 Pa.C.S.A. § 2702. Correspondingly, Pines was sentenced to twenty-seven and one-half to fifty-five years of imprisonment. The court ran Pines's two aggravated assault sentences concurrent with one another, but consecutive to his third-degree murder sentence.

Several days after sentencing, Pines filed a motion to withdraw his guilty plea. The court denied his motion without a hearing. Thereafter, Pines filed a notice of appeal to our Court. We, in turn, affirmed Pines's judgment of sentence. Following our decision, Pines's petition for allowance of appeal with our Supreme Court was denied.

Several months later, Pines filed a timely *pro se* PCRA petition, his first. The court appointed PCRA counsel, but counsel concluded there was no merit to any of the issues in Pines's PCRA petition. As a result, counsel filed a **Finley** letter, **see Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), seeking to withdraw from representing Pines. Satisfied that relief was not warranted, the court issued notice that it intended to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Although Pines filed a timely response to the court's Rule 907 notice, the court dismissed his petition. At the same time, Pines filed a motion to proceed *pro se*.

After dismissal, Pines filed a timely notice of appeal to our Court and then filed a timely statement of matters complained of on appeal. Pines presents six questions for our review, reordered for ease of disposition:

1) Did Pines unintelligently enter into a plea agreement given that he was unaware that the court colloquy was defective, as certain mandatory components were not met?

2) Was plea counsel ineffective in failing to protect Pines from that defective court colloquy?

3) Was Pines denied a pre-sentence investigation ("PSI")?

4) Did the sentencing court abuse its discretion in sentencing?

5) Was plea counsel ineffective in failing to present character witnesses?

6) Was PCRA counsel ineffective in failing to raise Pines's first five issues as well as failing to challenge the coerciveness of Pines's statement made leading up to the plea agreement process?

**See** Appellant's Brief, at 3.

Our standard for reviewing an order denying PCRA relief is well-established:

> Upon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (internal citations omitted).

Preliminarily, we note that Pines has oscillated between substantive claims, attacks on discretionary aspects of sentencing, and ineffective assistance of counsel allegations. Further, he often interjects sentences and paragraphs of specific arguments in unrelated sections.

Pines's first issue claims that his court colloquy during his guilty plea was defective. He therefore claims he did not enter it intelligently.

Specifically, Pines avers that the court never went through the mandatory questions necessary to ensure his understanding of the full impact and consequences of his plea. ***See*** Pa.R.Crim.P. 590, *Comment*. In addition, Pines contends that he was unaware of "what charges he [was] pleading guilty to, what acts he allegedly committed underlying the plea, and specifically what elements of the crimes he was pleading to." Appellant's Brief, at 9.

- 4 -

In order to be eligible for PCRA relief, the allegation of error must not have previously been litigated. **See** 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" **Id**., § 9544(a)(2).

In Pines's direct appeal from his judgment of sentence, the sole argument that he raised was a challenge to his guilty plea, claiming it not have been entered into knowingly, intelligently, and voluntarily. **See Commonwealth v. Pines**, 2916 EDA 2016, 2017 WL 2255556 at *1 (Pa. Super., May 23 2017). After reviewing, *inter alia***,** "the plea/sentencing transcript[ and] the written plea colloquy," **id**., our Court expressly found that Pines's plea agreement was not deficient. Moreover, the lower court, whose opinion we unambiguously adopted, outlined the discrete pre-plea areas of understanding necessary for a colloquy Pines now complains he never heard the court discuss with him.

Accordingly, because any defect associated with Pines's plea agreement has already been litigated, Pines is due no relief on this issue.

In a similar vein, Pines's plea counsel was not ineffective for failing to object to Pines's plea colloquy.

To succeed in a PCRA claim of ineffective assistance of counsel Pines would need to demonstrate, via a preponderance of the evidence, that counsel's deficient action or actions "so undermined the truth-determining

process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(2)(ii). Counsel is presumed to have rendered effective assistance. *See Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012). Therefore, in order to obtain relief, Pines must demonstrate prejudice as recognized by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Commonwealth v. Hannibal*, 156 A.3d 197, 206 (Pa. 2016) (identifying that Pennsylvania courts employ "the performance and prejudice standard set forth in *Strickland*").

Under *Strickland*, Pines must establish that: (1) his underlying claim has arguable merit; (2) counsel's action or inaction was unreasonable; and (3) he suffered prejudice as a result of counsel's deficient performance to such an extent that there is a reasonable probability that the result of the proceeding would have been different excepting counsel's affirmative error or omission. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Pines has the burden of demonstrating all three prongs. *See Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

If Pines does not satisfy any one prong of the ineffectiveness test, it is fatal to his claim. *See Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018). Additionally, we are not bound to any sequential analysis of the three ineffectiveness prongs; if, for whatever reason, Pines's assertions fail under any prong, we may immediately discuss that element to dismiss the claim in its entirety. *See Sepulveda*, 55 A.3d at 1117-18.

As this Court previously found there to be no validity to Pines's assertion that his colloquy was defective, Pines's underlying claim does not have arguable merit. Therefore, he cannot demonstrate that plea counsel engaged in ineffective assistance of counsel.

Pines next claims he was denied a pre-sentence investigation and corresponding report without his knowledge or consent. "The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case." Pa.R.Crim.P. 702(A)(1). "[A] claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited." *Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008).

First, Pines was the beneficiary of a negotiated plea agreement, which the court followed in imposing sentence. Second, Pines did not object after Pines's counsel stated, in open court, that she would be waiving any claim to a PSI report. *See* N.T., 7/19/16, at 69. A few moments later, when directly asked if he desired to speak prior to sentencing, Pines indicated that there was nothing that he wished to say. *See id*., at 71. Finally, as this claim constitutes a challenge to the discretionary aspects of his sentencing, it is not a cognizable claim under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). Accordingly, there is no merit to his claim that the PCRA court erred in dismissing this claim.

Pines's subsequent argument contends that there was an abuse of discretion in sentencing because the court imposed consecutive sentences without his knowledge and that it also disregarded the doctrine of merger.

Once again, Pines is attempting to challenge the discretionary aspects of his sentence. Such claims are not cognizable under the PCRA, and the PCRA court did not err in dismissing them. **See id.**

Next, Pines emphasizes that he should have had the opportunity to present character witnesses at sentencing and that counsel was ineffective by failing to call those witnesses. Because Pines was sentenced in accordance with his negotiated plea deal, he cannot establish that he has suffered from any sort of prejudice by not being able to call these witnesses. Further review of the record offers no indicia that the trial court was amenable to deviating from the agreed-upon sentence if character witnesses would have been presented. In failing to establish prejudice, Pines has failed to demonstrate ineffective assistance of counsel on the issue of not calling character witnesses for sentencing purposes.

Even though he has suggested the existence of ineffective assistance of counsel at numerous other points in his brief, blurring the lines between claims against plea counsel and PCRA counsel, Pines dedicates an omnibus argument section advocating for the same contention. The gravamen of Pines's ineffectiveness argument, at least here, is that plea counsel failed him throughout the plea and sentencing process because plea counsel did not raise

any concerns over the incriminating statement Pines made to police detectives. He alleges PCRA counsel continued in a similar manner by not following up with Pines as to any of his concerns. Ultimately, Pines believes that he should have been able to withdraw his plea prior to sentencing.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). The record reflects that Pines was fully apprised of his waiver of anything beyond those grounds. **See** N.T., 7/16/16, at 38-47.

While it is true that ineffective assistance of counsel is a cognizable claim even where a plea agreement exists, this Court has already held that under all the circumstances, Pines's guilty plea was knowingly and intelligently entered. Moreover, prior to the acceptance of the plea agreement, the trial court denied Pines's motion to suppress his statement. Neither plea counsel nor PCRA counsel can be ineffective for failing to raise claims that would not have succeeded. Therefore, Pines has not demonstrated ineffective assistance of counsel.

As the court correctly determined that Pines is not entitled to any PCRA relief, we affirm the PCRA court's dismissal of his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/20