J-S09021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CHARLES JESSE COY | : | |
| Appellant | : | No. 1260 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 30, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000253-2019

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 25, 2023**

Charles Jesse Coy appeals from the judgment of sentence of twenty-four to sixty months of incarceration following the revocation of his probation. As the trial court failed to make the necessary findings and statements of its reasons for resentencing Appellant to that term of total confinement, we are constrained to vacate the September 30, 2022 judgment of sentence and remand for a new resentencing hearing.

The following history of this case is gleaned from the certified record. By criminal complaint filed in January 2020, Appellant was charged with fifty counts of attempted sexual abuse of children and fifty counts of criminal use of a communication facility. The charges stemmed from Appellant's request through a social media site to receive pornography involving children under the age of ten, and the subsequent discovery through a search warrant of

images of child pornography on his mobile phone. Appellant entered into a negotiated plea agreement according to which he was sentenced to a county sentence of imprisonment followed by five years of probation. Among the conditions of supervision to which Appellant agreed was that he:

> must not enter or loiter within 1,000 feet of areas where the primary activity at such locations involve[s] persons under the age of 18 years old, including playgrounds, youth recreation centers, elementary schools, high schools, elementary/high school bus stops, Special Olympics, Boy Scout/Girl Scout meetings/events or any similar areas where persons under the age of 18 commonly congregate.

Plea Agreement Agreed Recommended Sentence Conditions of Supervision, 12/31/20, at ¶ 19.

On August 5, 2022, Butler County Probation Officer Jeremy McCorkle attended a birthday party for a preschool child at a local trampoline park, a recreational facility with a primary demographic of children between the ages of four and sixteen. During the party, Officer McCorkle noticed Appellant, whom he recognized from seeing him at the probation office. Officer McCorkle took photographs of Appellant standing on a platform next to a foam pit within a few feet of the children. Officer McCorkle contacted Probation Officer Chad Karenbauer to confirm Appellant's identity and that he was under supervision at the time. Thereafter, Officer Karenbauer brought Appellant into the office and asked him whether he had been anywhere he should not have been, and Appellant indicated he had not. When confronted with the photograph taken by Officer McCorkle, Appellant admitted to knowingly having gone to a

forbidden location, but insisted he was only there to pick up his mother and his niece.

Based upon the events of August 5, 2022, Appellant was charged with violating the terms of his probation. At a subsequent *Gagnon I*[1] hearing, Officers McCorkle and Karenbauer testified to the above, as well as to the fact that Appellant had been previously designated as a sexually violent predator ("SVP") in another case. *See* N.T. Hearing, 9/30/22, at 4-10, 17. The Commonwealth also offered into evidence the photographs taken by Officer McCorkle and the Plea Agreement Agreed Recommended Sentence Conditions of Supervision executed by Appellant on December 31, 2020, in connection with his guilty plea. Since Appellant was a registered SVP and fully aware that he should not have gone to the trampoline park, Officer Karenbauer

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). As this Court has summarized:

> [W]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Allshouse*, 969 A.2d 1236, 1240 (Pa.Super. 2009) (cleaned up). We have acknowledged that "one violation hearing may satisfy the requirements of both a *Gagnon I* and *Gagnon II* hearing," if the hearing satisfies the more extensive requirements of *Gagnon II*. *Commonwealth v. Heilman*, 876 A.2d 1021, 1027 (Pa.Super. 2005). It appears that only one hearing was held in the instant case. However, Appellant does not challenge the propriety of the unitary hearing *per se*.

recommended that Appellant's probation be revoked and that he be given a state sentence. *Id*. at 18.

Appellant elected not to testify, but presented his mother as a witness, who indicated that she had indeed called Appellant to pick her up on the day in question, but had not been aware that she was asking him to violate the terms of his probation. *Id*. at 22-23. Appellant also elicited from Officer Karenbauer on cross-examination that Appellant has a mental health diagnosis, that he had been compliant with sex offender treatment, and that, as far as the officer knew, this was Appellant's only probation violation. *Id*. at 19-20.

Appellant did not dispute that the Commonwealth proved that he violated the terms and conditions of his probation. *Id*. at 27 (["[O]n the face of it, obviously, [Appellant] is in violation, yes."). Nor did he contest that he should receive "some sort of punishment or . . . some sort of modification of the supervision[.]" *Id*. at 28. Nonetheless, he highlighted that his mental health condition "does probably make thinks a little bit harder for him," that in more than one year of supervision he had otherwise been compliant and "done what [wa]s asked of him," that treatment had been working, and that, as he only committed this violation to help his mother, it did not establish that county supervision while Appellant remained living in the community was untenable. *Id*.

The Commonwealth, on the other hand, indicated that the suggestion that Appellant's "behavior is d[e] minim[i]s" was "offensive." **Id**. The Commonwealth noted that the violated condition was imposed because Appellant had a history as a SVP who was dangerous to children, that he blatantly disregarded his rules of supervision by even going within 1,000 feet of the trampoline park, let alone within the facility "up on the deck closest to children," and that, but for Officer McCorkle catching Appellant there, "we wouldn't have known that he was around all of these children, over 60 kids in that area." **Id**. at 29. Accordingly, the Commonwealth asserted that Appellant was not amenable to county supervision and asked that he be given a sentence of two to four years in state prison. **Id**. at 30.

The trial court found that Appellant committed "a serious violation of his rules of supervision," and revoked his probation. **Id**. The court immediately sentenced Appellant to a term of two to five years of state incarceration. The court then advised Appellant of his right to speak on his own behalf, to present argument or information concerning the sentence, and to seek modification of the sentence, along with his appellate and counsel rights. **Id**. at 30-31. Appellant raised no objection to the proceedings or sentence at that time.

On October 5, 2022, Appellant submitted a pro se post-sentence motion asserting his continued indigence and requesting the assistance of appointed-counsel to determine whether a new pre-sentence investigation ("PSI") had been undertaken to update the two-year-old PSI from the prior sentencing

and whether the trial court considered the appropriate sentencing factors in accordance with 42 Pa.C.S. §§ 9721(b) and 9771.[2]  The following day, Appellant filed a motion for reconsideration of sentence, asserting his right to credit for time served, contending that none of the conditions for a sentence of total confinement enumerated in § 9771 were present in his case, and arguing that a current PSI was required for the court to make a just ruling.

The documents were properly filed, docketed, and forwarded to Appellant's counsel in accordance with Pa.R.Crim.P. 576(A)(4).  Counsel promptly filed a timely motion for modification of sentence reiterating Appellant's claims that the sentence of total confinement was unduly punitive in light of the violation in question and the lack of a consideration of mitigating evidence or a PSI.  **See** Post-Sentence Motion, 10/6/22, at ¶ 3.

By order filed October 17, 2022, the trial court scheduled a hearing on Appellant's motion for October 24, 2022.  It is unclear from the certified record whether the hearing took place, but the trial court entered an order on October 25, 2022, providing Appellant with thirty days to file a memorandum of law in support of his position, and the Commonwealth thirty days after that to respond.  The next day, the court scheduled a hearing for November 2, 2022, for it to "amend its order to include the Pennsylvania Parole Board's special conditions for sex offenders as part of the sentence."  Order, 10/26/22

---

[2] These statutes are discussed in detail *infra*.

(unnecessary capitalization omitted). On November 4, 2022, the court filed an order attaching a list of those conditions and directing the clerk of courts to file them with the sentencing order.

In the meantime, mindful that the motion for reconsideration of the revocation sentence did not toll Appellant's time to appeal to this Court,[3] Appellant instead filed a timely notice of appeal on October 25, 2022. Thereafter, both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents two issues for our review:

I.   The trial court abused its discretion and violated the fundamental norms that underlie the sentencing process when it resentenced [Appellant] to a period of incarceration of twenty four to sixty months because it failed to consider all required sentencing factors set forth in 42 Pa.C.S. §§ 9721(b) and 9725, and that the trial court failed to order a new [PSI], resulting in a sentence that was manifestly unreasonable and disproportionate to the nature of the probation violation alleged, and not individually tailored to [Appellant], requiring a new resentenc[ing] hearing?

II.  The trial court violated the requirement of 42 Pa.C.S. § 9771(c) by imposing a sentence of total confinement when [Appellant] has not been convicted of another crime, his conduct did not demonstrate that he would commit a new crime if he was not imprisoned, and total confinement was not necessary to vindicate the authority of the court?

Appellant's brief at 13 (cleaned up).

We begin our consideration with a review of the legal principles applicable to probation revocation. "Revocation of a probation sentence is a

_____

[3] **See** Pa.R.Crim.P. 708(E) ("The filing of a motion to modify [a violation-of-probation] sentence will not toll the 30-day appeal period.").

matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa.Super. 2007). Our Supreme Court offered the following summary of the trial court's sentencing discretion:

> Upon revoking probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> > (1) the defendant has been convicted of another crime; or

> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> > (3) such a sentence is essential to vindicate the authority of the court.

> 42 Pa.C.S. § 9771(c).

> Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."

> However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial

sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where . . . the trial judge had the benefit of a PSI during the initial sentencing proceedings. [T]here is no absolute requirement that a trial judge, who has already given the defendant one sentencing break after having the benefit of a full record, including a PSI, must order another PSI before fashioning the appropriate revocation sentence.

*Commonwealth v. Pasture*, 107 A.3d 21, 27–28 (Pa. 2014) (cleaned up).

In considering a challenge to the trial court's exercise of its sentencing discretion, we observe that "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." *Commonwealth v. Bowens*, 265 A.3d 730, 762–63 (Pa. Super. 2021) (*en banc*) (cleaned up).

Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. at 763 (cleaned up).

In the instant case, Appellant filed a timely notice of appeal and has included in his brief a statement of the reasons to allow the discretionary-aspects challenge pursuant to Pa.R.A.P. 2119(f). Appellant asserts that substantial questions are presented by the trial court's sentencing him to total confinement for technical violations without considering the criteria and

stating its findings as required by §§ 9721(b), 9725, and 9771(c), as well as its failure to order a new PSI prior to the resentencing. *See* Appellant's brief at 13, 21-24.

We agree that Appellant's allegations were preserved in his post-sentence motion and raise substantial questions. *See Commonwealth v. Lucky*, 229 A.3d 657, 664 (Pa.Super. 2020) (finding substantial questions presented by the imposition of a sentence of total confinement in excess of the original sentence for a technical violation without justification); *Commonwealth v. Schutzues*, 54 A.3d 86, 96 (Pa.Super. 2012) (treating "a trial court's application of § 9771(c) as an issue implicating the discretionary aspects of a sentence"); *Commonwealth v. Flowers*, 950 A.2d 330, 334 (Pa.Super. 2008) (ruling that claim that revocation court failed to order a new PSI or state reasons why one was unnecessary raised a substantial question). Accordingly, we shall proceed to consider the merits of those claims.

The following legal principles govern our consideration of Appellant's sentencing challenges. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing

court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009).

Hence, we review the sentencing court's sentencing determination for an

abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

Appellant asserts that the trial court ignored the law when it "failed to

consider or explain why" the sentence it opted to impose "was the least

stringent sentence to adequately protect the public and to serve the

Appellant's rehabilitative needs." Appellant's brief at 28. He further maintains

that "none of the factors enumerated in 42 Pa.C.S. § 9725 were considered

or mentioned by the trial court at any time." *Id*. (cleaned up). Appellant

argues that the sentence "was therefore manifestly unreasonable and an

abuse of discretion, requiring that this Court vacate the sentence and remand

for resentencing." *Id*. at 28-29.

Specific to § 9771(c), Appellant contends that the certified record does

not support a finding that total confinement is necessary because the

defendant committed a new crime or engaged in conduct indicating he is likely

to commit another crime if not imprisoned, or that the authority of the court

requires vindication. With no allegation of new criminal activity and a record

"silent with respect to whether his conduct indicated that he was likely to

commit a new crime," Appellant posits that the only possible justification for the sentence is vindication of the court's authority. Appellant's brief at 33. Since "[t]he only violation alleged was Appellant's mere presence at a trampoline park," he insists that a prison sentence was not essential. **Id**.

Although it maintains that the sentence was appropriate, the trial court agrees with Appellant that it did not make an adequate record to justify its sentence. **See** Trial Court Opinion, 12/22/22, at 2. The court therefore asks that we remand the case for resentencing. **Id**. Further, the Commonwealth concurs with the trial court. **See** Commonwealth's brief at 5.

Initially, we note our displeasure with the belated recognition of the defects in Appellant's sentencing proceedings. For example, had Appellant contemporaneously objected at the sentencing hearing to the trial court's lack of compliance with its duty to state its reasons on the record, the court could have immediately amplified the record and potentially avoided this appeal altogether. Had the Commonwealth or the trial court promptly acknowledged the dearth of reasoning upon the filing of Appellant's post-sentence motion, the court may have vacated the sentence and scheduled a new sentencing hearing to correct the error rather than merely scheduling hearings and ordering further briefs, thereby forcing Appellant to appeal and deprive the court of jurisdiction.

Now that the case is before this Court, we are not bound to accede to the trial court's request for resentencing despite the agreement of the

Commonwealth. Accordingly, we have reviewed the record to ensure that we could not maximize judicial economy and resolve the issues before us. In that vein, we note our rejection of Appellant's suggestion that his technical violation was trivial and that his sentence was, *ipso facto*, unreasonable on its face. This Court has indicated that the violation by a defendant convicted of sexual misconduct with children of the condition to refrain from contact with children is significantly distinct from "another technical violation such as missing a meeting with a probation officer or counselor." **Schutzues**, **supra** at 99. In such situations, "[a] trial court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere the conditions imposed on him." **Id.**

Nonetheless, before imposing a sentence of total confinement upon revocation of Appellant's probation, the trial court was statutorily required to make a finding, supported by the record, that imprisonment was necessary for one of the reasons enumerated in § 9771(c). **See Schutzues**, **supra** at 93-94 (observing that § 9771(c) is a limitation upon the court's authority to impose a sentence of total confinement for probation violations and that "compliance with § 9771(c) is explicitly non-discretionary"). Likewise, before dispensing with a new PSI, the trial court was required to place on the record its basis for doing so and to demonstrate that it was otherwise in possession of the information a PSI would have offered. **See Flowers**, **supra** at 334.

Instead, the trial court merely stated as follows before advising Appellant of his post-sentence rights:[4]

> I do believe this is a serious violation of his rules of supervision. I do find that he violated the terms of his probation. I'm going to violate his -- revoke his probation. I'm going to sentence him to a term of not less than 24 moths nor more than 60 months with the Bureau of Corrections.

N.T. Hearing, 9/30/22, at 30.

We agree with Appellant and the trial court that this statement was insufficient to satisfy the above-discussed statutory mandates. Consequently, we are constrained to vacate Appellant's judgment of sentence and remand for a new sentencing hearing.[5]

Judgment of sentence vacated. Case remanded for a new resentencing hearing. Jurisdiction relinquished.

---

[4] Some of the post-sentence rights stated by the court are more properly categorized as pre-sentence rights, such as Appellant's "right to make a statement on [his] own behalf" and to "present argument and information relative to sentencing." N.T. Hearing, 9/30/22, at 30-31.

[5] The trial court during the resentencing hearing may make of-record any additional overlooked matters, such as determining Appellant's entitlement to credit for time served and informing Appellant of his obligations and special conditions as a sex offender.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/25/2023