J-S17014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLIFFORD ALLEN CHRISTIAN | : | |
| | : | |
| Appellant | : | No. 1034 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 3, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006032-2017

BEFORE: PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED: APRIL 20, 2020**

Clifford Allen Christian appeals from the judgment of sentence imposed on January 3, 2019 in the Dauphin County Court of Common Pleas.[1] In October of 2018, Christian pled guilty to rape, incest, indecent assault, unlawful contact with a minor, and corruption of minors.[2] The court sentenced Christian to an aggregate term of eight to 20 years' incarceration. On appeal, Christian argues the court failed to order a pre-sentence investigation report

---

[1] Christian purports to appeal from the April 1, 2019 order granting in part and denying in part his post-sentence motion. We have corrected the caption to reflect that Christian's appeal properly lies from the judgment of sentence entered on January 3, 2019. *See **Commonwealth v. Dreves**,* 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).

[2] 18 Pa.C.S.A. §§ 3121(c), 4302(b)(1), 3126(a)(7), 6318(a)(1), 6301(a)(1)(ii), respectively.

and imposed a manifestly excessive sentence. For the reasons below, we affirm.

In June of 2017, Christian raped his 11-year-old biological granddaughter at a Swatara Township hotel where they both were staying while attending a funeral. *See* N.T., 10/25/2018, at 3-4. On October 25, 2018, pursuant to a plea agreement, Christian pled guilty to all the charges as stated above.[3] Counsel for Christian requested a pre-sentence investigation report ("PSI"). The court denied the request and ordered an evaluation by the Sexual Offender Assessment Board ("SOAB").

On January 3, 2019, the court originally sentenced Christian to the following: (1) a term of eight to 20 years' incarceration for the rape conviction; (2) a concurrent term of five to ten years' imprisonment for the incest conviction; and (3) a concurrent term of three to six years' incarceration for the corruption of minors conviction.[4]

---

[3] As provided by the Commonwealth at the sentencing hearing, the negotiated plea agreement indicated "the minimum sentence [was] to be determined by the Court between five and ten years and that the maximum sentence would be twice the minimum sentence." N.T., 1/3/2019, at 3. *See also* Plea Negotiation, 10/23/2018 ("The Court can impose a sentence in which the minimum guideline range is between 60 months and 120 months. The Court has the discretion to set all other aspects of the sentence including the total length of the sentence.").

[4] The remaining convictions merged for sentencing purposes.

Christian filed a motion to modify sentence on January 14, 2019, challenging only the sentences imposed for the incest and corruption of minors convictions. **See** Post-Sentence Motion, 1/14/2019, at 4-5. On April 1, 2019, the court granted the motion, in part, by amending the incest sentence to a term of 24 to 48 months and the corruption of minors sentence to a term of 12 to 60 months.[5]

In June of 2019, Christian filed a petition for post-conviction relief to reinstate his appellate rights *nunc pro tunc* because counsel did not receive the court's April 1st order. The court granted Christian relief on June 14, 2019. This appeal followed.[6]

As will be discussed below, Christian raises several challenges to the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991). "The determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the

_____

[5] All other aspects of the January 3, 2019 sentence remained unchanged.

[6] On July 1, 2019, the trial court ordered Christian to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Christian complied with the court's directive, and filed a concise statement on September 12, 2019. The court issued a Pa.R.A.P. 1925(a) opinion on July 24, 2019.

plea bargain, specifically, to what degree a sentence agreement has been reached." ***Commonwealth v. Dalberto***, 648 A.2d 16, 18 (Pa. Super. 1994).

Where the plea agreement provides specific penalties, an appeal from a discretionary sentence will not stand; however, where the plea agreement provides for no sentencing restrictions, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. ***See id.***, at 20. When the plea agreement falls somewhere between a negotiated plea and an open plea, we must determine the effect of the hybrid plea agreement on the right to challenge the discretionary aspects of his sentence. ***See id.***, at 21. Therefore, Christian may only challenge the discretionary aspects of the sentence that were not the subject, implicitly or explicitly, of his agreement with the Commonwealth. ***See id.***

In his first argument, Christian claims the trial court abused its discretion by failing to order a PSI pursuant to Pennsylvania Rule of Criminal Procedure 702. ***See*** Appellant's Brief, at 14. Christian argues:

> The trial court had limited contact with [him] and did not have the appropriate information pertaining to [him] at the time of sentencing which would address the risk of recidivism. The trial court improperly determined that an assessment by the [SOAB] was an adequate replacement for a PSI. The trial court ran afoul of Pa.R.Crim.P. 702 and did not have the requisite information to impose an appropriate sentence.

***Id.***, at 15 (citations and emphasis removed).

"[A] claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate

review is exceptionally limited." ***Commonwealth v. Flowers***, 950 A.2d 330, 331 (Pa. Super. 2008).[7]

Such a claim is not appealable as of right, but "must be considered a petition for permission to appeal." ***Commonwealth v. Best***, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). To reach the merits of a discretionary argument, this Court must determine:

> (1) whether the appeal is timely filed; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Christian requested a modification of his sentence as to the incest and corruption of minors crimes but did not object to or complain about any discretionary aspect beyond the purported unreasonableness and excessiveness of those two sentences. ***See*** Post-Sentence Motion, 1/14/2019, at 4-5. Consequently, he did not preserve the "failure to order a PSI" issue in

---

[7] ***See also Commonwealth v. Finnecy***, 135 A.3d 1028, 1030-1031 (Pa. Super. 2016) (finding trial court did not abuse its discretion by failing to order a PSI in the context of revocation of probation proceeding).

a post-sentence motion. Moreover, he did not raise the argument at his sentencing hearing. Accordingly, Christian has waived this discretionary challenge for appellate purposes. *See Griffin*, 65 A.3d at 935.

Even if Christian had properly preserved this claim, it would warrant no relief. Rule 702 provides that a "sentencing judge **may**, in the judge's discretion, order a pre-sentence investigation report in any case." Pa.R.Crim.P. 702(A)(1) (emphasis added). Moreover, Rule 702 states the judge "shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report … when incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]" Pa.R.Crim.P. 702(A)(2). This Court has previously explained that "[t]he essential inquiry is … whether the sentencing court was apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it." *Finnecy*, 135 A.3d at 1032 (citation and internal quotation marks omitted).

At Christian's guilty plea hearing, the court complied with Rule 702(A)(2) by explaining its rationale for denying the request for a PSI as follows:

> I am going to order the [SOAB] evaluation by the board. And quite frankly, I think that takes the place of the presentence quite frankly as far as background. I don't think you need the presentence. Matter of fact, I think the report by the board is a little more thorough as far as background.

N.T., 10/25/2018, at 5.

- 6 -

In addition to the SOAB assessment, the court presided over Christian's guilty plea and sentencing hearings,[8] which also afforded the court with information about his age, educational background, health issues, lack of criminal background, victim impact, and familial collateral consequences.

In its Rule 1925(a) opinion, the court opined:

> In the instant matter, this Court delayed sentencing for the completion of a report through the [SOAB] to determine [Christian]'s classification as a sexual offender. On December 28, 2018 such a report was completed by Dr. Robert M. Stein and provided to the Commonwealth. Dr. Stein's report included information regarding [Christian]'s family, an account of [his] prior sexual misconduct by one of his daughters, and the factors required to be assessed by the SOAB. Based on his assessment, Dr. Stein concluded that [Christian] did not meet the requirements for classification as a [s]exually [v]iolent [p]redator. The information contained in Dr. Stein's report was sufficient to apprise the court of comprehensive information to make punishment fit both the crime and individual. Therefore, this Court satisfied its obligation to conduct a presentence inquiry.

Trial Court Opinion, 7/24/2019, at 5-6.

Our review of the record confirms the trial court had sufficient information "to make the punishment fit not only the crime but also the person who committed it.'" *Finnecy*, 135 A.3d at 1032 (citation omitted). Accordingly, if Christian had not waived this argument, we would conclude there was no abuse of discretion on the court's part for declining to order a PSI.

---

[8] The court was also aware of Christian's October 25, 2018 written guilty plea colloquy.

Next, Christian contends the court abused its discretion by imposing an eight to 20 year sentence because it was manifestly excessive and it failed to consider the issues of protection of the public, the gravity of the offense as it relates to the community, and Christian's rehabilitative needs as required by 42 Pa.C.S.A. § 9721(b). ***See*** Appellant's Brief, at 15. He asserts:

> When examining the need to protect the public, the trial court failed to recognize[] that this offense did not affect the public at large. This was an isolated incident to an individual with a familial relationship. [Christian] does not have a criminal history and his sentencing guidelines show a prior record score of "0". There is no indication that [he] has any criminal history or that an excessive period of incarceration would prevent future criminal conduct since nothing in this case nor [his] history indicates he will re-offend.

***Id.***, at 16-17.

Additionally, Christian states that because the court did not have the PSI, the court failed to consider "the extensive medical conditions from which [he] suffers and the specific treatment and medication [he] is prescribed." ***Id.***, at 17. As for the impact on community, Christian acknowledges the effect on the victim, but states "that through a proper rehabilitative sentence [he] would under the impact this incident had on the minor child, which is one of the policies underlying the sentencing code and one in which the trial court overlooked." ***Id.*** Lastly, Christian alleges the court failed to consider his rehabilitative needs as he "has no family in the area, no housing prospects, no employment, no drug and alcohol treatment, and no mental health counselor[.]" ***Id.***

Christian does not distinguish if his argument concerns the rape sentence or the aggregate sentence.[9] Regardless, we find the issue is waived for Christian's failure to properly preserve it. As noted above, in his post-sentence motion, Christian only objected to the alleged unreasonableness and excessiveness of the incest and corruption of minors sentences. Additionally, he did not raise the argument at issue during his sentencing hearing. Therefore, Christian has waived this discretionary challenge for appellate purposes. **See Griffin**, 65 A.3d at 935. Accordingly, his second argument also fails.[10]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/2020

---

[9] Because the term of the rape sentence was eight to 20 years, and the remaining sentences were imposed concurrently, the aggregate sentence was identical in length of term.

[10] Assuming *arguendo* that Christian had preserved his second argument, we would discern no abuse of discretion on the part of the trial court and would conclude the court properly addressed this claim in its Rule 1925(a) opinion. **See** Trial Court Opinion, 7/24/2019, at 3-5.