J-S14039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
            v.                      :
                                   :
                                   :
DEVON GRIGGER                  :
                                   :
           Appellant          :     No. 1944 EDA 2024

Appeal from the Judgment of Sentence Entered June 20, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000948-2016

BEFORE:    DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MAY 6, 2025**

Appellant Devon Grigger appeals from the judgment of sentence entered after the Court of Common Pleas of Philadelphia County revoked his probation. After careful review, we affirm.

On May 23, 2016, Appellant entered a guilty plea in Philadelphia County at docket CP-51-CR-0000948-2016 to aggravated assault, aggravated assault by vehicle, fleeing or attempting to elude officer, possessing an instrument of crime, driving without a license, reckless driving, and two counts of simple assault.  In exchange, the Commonwealth agreed to *nolle prosse* charges of recklessly endangering another person and criminal mischief.  The Honorable Rayford A. Means accepted the plea and imposed an aggregate sentence of 11½ to 23 months' imprisonment to be followed by five years' probation.

---

[*] Former Justice specially assigned to the Superior Court.

On March 13, 2022, while still on probation, Appellant was arrested and charged in Montgomery County at docket CP-46-CR-0001997-2022 with possession of a controlled substance with intent to manufacture, multiple violations of the Uniform Firearms Act (VUFA), and other offenses.

On March 14, 2022, the Court of Common Pleas of Philadelphia County issued a bench warrant for Appellant's arrest for violating his probation in the instant case. Appellant was convicted on the Montgomery County charges and sentenced in May 2023 to six to twelve years' imprisonment.[1]

On June 20, 2024, the Honorable Natasha Taylor-Smith of the Court of Common Pleas of Philadelphia County found Appellant in direct violation of his probation on the instant docket as a result of his convictions in Montgomery County. Appellant was sentenced to 1½ to 3 years' imprisonment to run consecutively to any sentence he was serving at that time.

On July 12, 2024, Appellant requested to file a post-sentence motion *nunc pro tunc* seeking the reconsideration of his sentence, which Appellant characterized as manifestly excessive. Appellant also claimed the revocation court "failed to adequately examine and investigate [Appellant's] background, character, and rehabilitative needs, or to state sufficiently adequate reasons for imposing the sentence as required by Pa.R.Crim.P. 702 and 42 Pa.C.S. § 9731." Post-sentence motion *nunc pro tunc*, 7/12/24, at 3.

---

[1] After Appellant filed an appeal in the Montgomery County case, this Court affirmed the judgment of sentence on October 16, 2024. ***See Commonwealth v. Grigger-Cross***, 1652 EDA 2023 (Pa.Super. October 16, 2024) (unpublished memorandum).

On July 18, 2024, the revocation court granted Appellant *nunc pro tunc* relief but denied his motion for reconsideration. Appellant filed a timely appeal and complied with the revocation court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue on appeal:

Did the lower court err as a matter of law, abuse its discretion, and violate general sentencing principles, when it imposed a manifestly excessive sentence which failed to address [Appellant's] clear drug problem and rehabilitative needs?

Appellant's Brief, at 3.

Our standard of review of a sentencing challenge is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Reid***, 323 A.3d 26, 30–31 (Pa.Super. 2024) (quoting

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa.Super. 2015) (citation

omitted)).

In reviewing a challenge to the trial court's sentencing discretion, we are mindful that:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to

reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

Appellant filed a timely post-sentence motion and notice of appeal. Appellant has included a statement of reasons for allowance of appeal from discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f). We proceed to determine whether Appellant raised a substantial question as to the appropriateness of the sentence under the Sentencing Code. In doing so, we note that our Court must evaluate on a case-to-case basis on whether a sentencing claim raises a substantial question for review. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted).

Specifically, Appellant claims on appeal that the trial court failed to engage in a meaningful inquiry into his rehabilitative needs as demonstrated by its failure to order a presentence investigation (PSI) or state on the record its reasons for doing so. Appellant argues that the trial court did not have "sufficient information to constitute the functional equivalent of a pre-sentence report when it fashioned its sentence[.]" Appellant's Brief, at 19.

This Court has held that "[a]n appellant's allegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report [raises] a substantial question." **Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa.Super. 2011) (quoting **Commonwealth v. Flowers**, 950 A.2d 330, 332 (Pa.Super. 2008)). We proceed to review the merits of Appellant's claim.

Pursuant to Section 9721(b) of the Sentencing Code, courts "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id**.

Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. **Id**. "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Commonwealth v. Griffin,** 804 A.2d 1, 10 (Pa.Super. 2002).

Pennsylvania Rule of Criminal Procedure 702 provides that a sentencing judge has discretion to order a PSI as an aid to imposing an individualized sentence. Rule 702(A) states in relevant part:

(1) The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.

(2) The sentencing judge *shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report* in any of the following

(a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes …

Pa.R.Crim.P. 702(A) (emphasis added).

As this Court has held:

The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background....The court must exercise 'the utmost care in sentence determination' if the defendant is subject to a term of incarceration of one year or more[.]

To assure that the trial court imposes sentence in consideration of both 'the particular circumstances of the offense and the character of the defendant,' our Supreme Court has specified the minimum content of a PSI report. The 'essential and adequate' elements of a PSI report include all of the following:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

- 6 -

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

[While case law does not] require that the trial court order a pre-sentence investigation report under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725–26 (Pa.Super. 2013)

(quoting *Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa.Super. 2000)

(*en banc*) (citations, quotation, and quotation marks omitted)).

Although Rule 702 requires a trial court to provide reasons on the record for dispensing with the pre-sentence investigation, this Court has established that sentencing courts have some latitude in how this requirement is fulfilled "since the ultimate requirement of a PSI report is to ensure that the court is apprised of comprehensive information to make the punishment fit not only the crime but the person who committed it." *Commonwealth v. Tejada*, 161 A.3d 313, 321 (Pa.Super. 2017) (quoting *Goggins*, 748 A.2d at 728). This Court has consistently held that "technical noncompliance with the requirements of Rule 702(A)(2) might have been rendered harmless had the court elicited sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision[.]" *Flowers*, 950 A.2d at 333 (citing *Goggins*, 748 A.2d at 728).

In the instant case, the trial court sentenced Appellant without a PSI and did not set forth its reasons for doing so at the time of sentencing. However, in its Rule 1925(a) opinion, the trial court indicated that it had "conducted the functional equivalent of a PSI inquiry, that provided the essential information required to ensure that Appellant received an appropriate and individualized sentence." Trial Court Opinion (T.C.O.), 9/16/24, at 4.

The trial court indicated that it reviewed the record from Appellant's five-year probationary supervision including three *Gagnon* summaries which informed its understanding of Appellant's prior criminal history, direct and technical violations of probation, his employment history, and his supervision

- 8 -

history. The trial court noted that the **Gagnon** summaries revealed Appellant's drug test results, in which Appellant testified positive for amphetamines in July 2018, opiates in September 2018, and amphetamines in September 2019. T.C.O. at 5 (quoting **Gagnon II**, 3/12/24, at 2). The trial court quoted from the **Gagnon** summaries at the sentencing hearing in relation to Appellant's failure to report for probation in early March 2024. Notes of Testimony (N.T.), 6/20/24, at 20.

Defense counsel informed the trial court about Appellant's familial support including his mother, brother, and the mother of his two children, with whom he successfully co-parents. N.T. at 16-17. Defense counsel gave a description of Appellant's employment and educational background, his 2013 certification in auto repair, and his 2019 certification in pipe fitting and welding. Defense counsel noted that Appellant had opened his own auto repair business and after Appellant was incarcerated at SCI Houtzdale, he was permitted to work in the kitchen, which was a privilege not given to all inmates. *Id.* at 17-18.

In reviewing the sentencing transcript in this case, we observe that the trial court stated on the record that it made its sentencing decision after considering "the gravity of the offense, the need to provide protection for the community, [and] … *the rehabilitative needs* of [Appellant]." N.T. at 21 (emphasis added).

As such, the certified record shows that although the trial court sentenced Appellant without a PSI and did not state any reasons for dispensing

- 9 -

with the PSI, the trial court still was able to make a fully informed, individualized sentencing decision as it had been provided with sufficient information to substitute for a PSI.[2]  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2025

_____

[2] We note with displeasure the trial court's failure to order a PSI, but find the trial court at least minimally complied with Rule 702.